The Van Camp Packing Company v. Hartman.

court. *Indianapolis, etc., R. R. Co.* v. *Collingwood,* 71 **Ind.** 476.

Judgment affirmed.

Filed Nov. 24, 1890,

———————◆———————

126 177
160 186

No. 14,544.

## THE VAN CAMP PACKING COMPANY v. HARTMAN.

USAGE.—*Proof of not Competent to Alter Express Terms of Contract.*—By a written agreement between a packing company and the plaintiff the latter undertook to cultivate, during the proper season, a certain number of acres in tomatoes, and deliver all of the product, as it ripened from day to day, to the former. The company agreed to receive, unload and weigh all the tomatoes to be raised " on usual business hours, from 6 o'clock on Monday morning till 10 o'clock on Saturday morning of each week during the season," at a stipulated price. The plaintiff sued the company, alleging that it had exposed itself to the stipulated forfeiture by failing to attend at its place of business and receive, weigh and unload the tomatoes offered according to the terms of the contract. There was evidence that for six years prior to the making of the contract, under a contract in substantially the same language as that sued on, in respect to the time of receiving and weighing the vegetables, the company's warehouse had not been opened for receiving and weighing tomatoes until 7 o'clock in the morning.

*Held,* that it was not competent to displace or alter the express stipulation in the contract that the tomatoes were to be received and weighed during usual business hours, from 6 o'clock in the morning, by proof of a usage by which during former years the warehouse was not open for the reception of tomatoes until 7 o'clock in the morning.

SAME.—*Evidence of when Admissible.*—The purpose for which evidence of a usage is heard is to explain or illustrate the intention of parties to a contract in reference to matters concerning which the contract is not explicit, thereby importing into the contract terms not inconsistent with any of its provisions; but where the contract is clear and explicit resort can not be had to proof of a usage which would contradict or supersede any of its terms.

From the Marion Superior Court.

The Van Camp Packing Company *v.* Hartman.

*J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellant.

*V. Carter,* for appellee.

MITCHELL, J.—In the year 1887, the Van Camp Packing Company and William Hartman entered into a written agreement, whereby the latter undertook to cultivate, during the proper season, a certain number of acres in tomatoes, and deliver all of the product, as it ripened from day to day, to the former. The company agreed to receive, unload and weigh all the tomatoes to be raised, "on usual business hours, from 6 o'clock on Monday morning till 10 o'clock on Saturday morning of each week during the season," at a stipulated price. In case Hartman made default, he agreed to pay a stipulated amount as liquidated damages, and for any default on the part of the company a like forfeiture was to follow. Hartman sued the company, alleging that it had exposed itself to the stipulated forfeiture by failing to attend at its place of business and receive, weigh and unload the tomatoes offered, according to the terms of the contract, to his damage. All other questions are expressly waived, and a reversal is asked upon the refusal of the court to give, except in a modified form, instruction No. 8, asked by the appellant.

There was evidence which tended to show that for six years prior to the making of the contract, the parties had been delivering and receiving tomatoes under a contract in substantially the same language as that sued on, in respect to the time of receiving and weighing the vegetables, and that during all previous years the company's warehouse had not been opened for receiving and weighing tomatoes until 7 o'clock in the morning, and that during the year 1887, as in all previous years, the house was opened for receiving and weighing at 7 o'clock A. M. As applicable to this state of the evidence, the appellant requested the court to instruct the jury, in substance, that if they should find from the evi-

dence that the plaintiff had, through a series of years, been delivering tomatoes to the defendant, under contracts in the main similar to the one now in suit, and that during all those years the tomatoes had been received and weighed within the plaintiff's knowledge during certain hours, then the law would imply that by the use of the phrase " On usual business," as employed in the contract, the parties meant and intended the hours during which it had been usual thus to receive and weigh during the previous years. The court modified the instruction so that the jury were told, in effect, that the contract required the company to have its warehouse open for the reception of tomatoes at 6´ o'clock in the morning, and that if it failed to do so, on any morning when the plaintiff was there ready to deliver tomatoes, thereby causing delay which resulted in loss to the latter, he was entitled to recover the damages stipulated in the contract.

It is undoubtedly true that parties who contract in respect to a particular business, are presumed to do so with reference to any uniform practice which has been so long continued as to have ripened into a usage of the business to which the contract relates ; and where the contract is silent, or terms of doubtful signification are employed, or when it is necessary in order to give the agreement effect, assuming it to have been made with the usage in view, it is competent to prove the usage so as to raise a presumption that the transaction in question was intended to conform to the known, usual, and ordinary course of the business.   The usage may always be referred to for the purpose of showing the intention of the parties in all those particulars concerning which they have not expressed themselves with clearness and certainty in the contract, or where words have been used which have acquired a broader, or different signification than that commonly attributed to them, the fact may be proved. *Lyon* v. *Lenon,* 106 Ind. 567 ; *Morningstar* v. *Cunningham,* 110 Ind. 328 ; *Reissner* v. *Oxley,* 80 Ind. 580 ; *Southwestern Freight*

*etc., Co.* v. *Stanard,* 44 Mo. 71 ; *Carter* v. *Philadelphia Coal Co.,* 77 Pa. St. 286 ; *Mooney* v. *Howard Ins. Co.,* 138 Mass. 375 (52 Am. Rep. 277).

The rule admitting evidence of a usage is always subject to this limitation, however, that proof will never be allowed to establish a usage which is repugnant to, or which controls, displaces, or alters the legal effect of any of the express terms of a contract. A usage can not be appealed to for the purpose of eliminating terms from a contract, and engrafting upon it others different from, or inconsistent with, those displaced ; nor will proof be heard of a usage that is contrary to public policy, or good morals, or to the common or statute law. *Scott* v. *Hartley, post,* p. 239, and cases cited ; *East Tenn., etc., R. R. Co.* v. *Johnston,* 75 Ala. 596 (51 Am. Rep. 489); *Walker* v. *Transportation Co.,* 3 Wall. 150 ; *Holmes* v. *Johnston,* 42 Pa. St. 159.

The purpose for which evidence of a usage is heard is to explain, or illustrate, the intention of parties to a contract in reference to matters concerning which the contract is not explicit, thereby importing into the contract terms not inconsistent with any of its provisions ; but where the contract is clear and explicit resort can not be had to proof of a usage which would contradict or supersede any of its terms. *Smith* v. *Clews,* 114 N. Y. 190 ; *Morris* v. *Thomas,* 57 Ind. 316 ; *Harrell* v. *Zimpleman,* 66 Tex. 292.

It follows, from the application of the principles stated above, that it was not competent to displace or alter the express stipulation in the contract that the tomatoes were to be received and weighed during usual business hours, from six o'clock in the morning, by proof of a usage by which during former years the warehouse was not open for the reception of tomatoes until 7 o'clock in the morning.

The judgment is affirmed, with costs.

ELLIOTT, J., did not sit in this case.

**Filed** Nov. 24, 1890.