STATE EX REL. BRINKER *v.* COFFIN, TRUSTEE, ET AL.

[No. 28,720. Filed June 8, 1951.]

*Bell & Bell,* of Indianapolis, for appellant.

*Franklin W. Plummer* and *Alfred H. Plummer,* both of Wabash, for appellees.

GILKISON, J.—Relator, a regularly licensed school teacher, by a proper written contract, was employed by appellees as a teacher of Liberty School Township, Wabash County, Indiana, for the school year of 8½ months beginning August 27, 1948 and ending May 6, 1949 for the sum of $3,176 to be paid in monthly installments of $373.64 each. He fully performed his part of the contract, completed his customary reports regarding the promotion of pupils and filed a copy thereof.at the usual office of the appellees in the school building where he taught, on May 6, 1949.

No notice was served on relator by appellees on or before May 6, 1949, in writing, delivered in person or by registered mail that his contract would not be renewed for the school year 1949-1950. Relator did not in any way resign as a teacher and he and the appellees did not enter into a new contract.

By this action relator seeks to mandate appellees to continue under contract with him on the same terms

and wages plus any increases due under the Teachers' Minimum Wage Law for the school year 1949-1950, agreeable with § 28-4321, Burns' 1948 Replacement.

The cause was put at issue by an answer of appellees under the rules, and what may be termed a reply to an affirmative rhetorical paragraph thereof.

By request the court made a special finding of facts upon which it stated its conclusions of law in favor of appellees, and thereupon rendered judgment in favor of appellees. Relator's motion for new trial for the reasons that the decision is not sustained by sufficient evidence and is contrary to law was overruled, and relator appeals.

By stipulation and evidence it is shown that relator had been employed at the same school as a teacher by appellees for three successive years, 1946-1947, 1947-1948, and 1948-1949. That on the last day of each of said yearly terms relator completed his customary reports regarding the promotion of pupils and left them with the principal at his office in the school building. These were all the reports he was required to file and he was never asked by the principal or trustee to file any other. The blanks upon which the reports were made were provided by the school officials and given to relator by the school principal. All the other teachers of defendants' school furnished reports in the same manner as relator and left them with the principal in his office at the school building.

The township trustee has an office room on a lot behind his house a mile and a half north of LaFontaine where the school is located, upon which he collects rent from the township. But the evidence shows that no school records and no customary reports of a teacher regarding the promotion of pupils have ever been filed or received at that office. All these records and reports are kept at the school in a steel filing cabinet bought by

the township specifically for that purpose. The cabinet was there and used for that purpose when Mr. Walters, the principal came to the school four years before and throughout the time that relator was employed as teacher by appellees. At the school where relator taught each teacher including relator put the final grade of each of his or her pupils on the report card the pupil received and also on the permanent record. The county superintendent gets a card similar to the permanent record which is also made by the teachers. Three cards are made by the teachers, one for the pupil, one for the county superintendent, and one for the permanent record which is kept on file at the school in the principal's office.

The township trustee has never had any of the customary reports of relator or any of the other school teachers of his township at his office on the lot behind his house north of LaFontaine. These reports always have been filed and kept in the steel filing cabinet in the principal's office at the school building. The trustee has never requested that such reports be filed at the office at his home; on the contrary he, his predecessors in office and the appellee school township for their own convenience, have arranged and equipped the principal's office as the place for such filing and it has been the sole repository for such documents during each of the three years relator served as a teacher. The appellees on May 10, 1949 gave relator a notice that his contract would not be renewed for the school term 1949-1950.

Relator bases his claim to re-employment for the school year 1949-1950, upon the alleged fact that he was regularly employed by appellees for the school year 1948-1949 and performed his contract faithfully for that school year. That he was not notified in writing by appellees on or before May 6, 1949 that his con-

tract would not be renewed for the succeeding year; that he did not resign as a teacher; and his 1948-1949 contract was not superseded by another contract all as provided by § 28-4321, Burns' 1948 Replacement. He avers and claims his right to re-employment by virtue of that statute, because of said facts.

So far as applicable to this case, § 28-4321, Burns' 1948 Replacement, is as follows:

> "Contracts wherein a township school corporation is a party shall be deemed to continue in force for the succeeding school year on the same terms and for the same wages plus any increases as provided by the provisions of chapter 101 of the Acts of 1907 and acts amendatory thereof, known as the Teachers' Minimum Wage Law, unless on or before the day during which the teacher has completed his customary reports regarding the promotion of pupils and has filed a copy of same at the office of the township trustee, but in no case later than five (5) days after the expiration of the school term the teacher shall be notified by the school corporation in writing delivered in person or mailed to him or her at last' and usual known address by registered mail that such contract will not be renewed for such succeeding year or unless such teacher shall deliver or mail by registered mail to such trustee his or her written resignation as such teacher or unless such contract is superseded by another contract between the parties."

Appellees' defense is that relator did not file a copy of his customary reports regarding the promotion of pupils, at the office of the township trustee located on a lot behind his house as aforenoted; and that the school corporation within five days after the expiration of the school term notified relator in writing that his contract would not be renewed for the succeeding year, agreeable with the statute.

The question thus posed is whether relator performed his duties fully and lawfully when he completed his

customary reports regarding the promotion of pupils and filed a copy of the same at the office of the school principal.

So far as we can find there is no law in Indiana requiring a township trustee to have an office room, although there is a law requiring the township advisory board to appropriate annually the trustee's estimate for office rent, (see § 65-204, p. 1020, Burns' 1943 Replacement) not to exceed the amount provided for the class to which the township belongs. There is nothing to prevent him from having more than one office room. There is no reason why he should not use a school principal's office as his own, particularly for matters concerning the operation of the school. In making the principal's office his own for school purposes, the trustee was acting legally and agreeably with the statutes and in the best interest of the school. In no sense was he acting contrary to the statute or in conflict with established principles of law. See *City Dairy Co.* v. *Uservo, Inc.* (1936), 101 Ind. App. 375, 381, 199 N. E. 457; 25 C. J. S., Customs and Usages, § 10, p. 88. Where a usage is well known by the contracting parties, and is uniform, reasonable, and not contrary to law, or opposed to public policy, evidence of such usage properly may be considered in ascertaining the otherwise uncertain meaning of a contract, especially when such usage is but confirmatory of the express terms of the contract. See *Morningstar* v. *Cunningham et al.* (1887), 110 Ind. 328, 333, 11 N. E. 593; 55 Am. Jur., Usages and Customs, § 16, p. 278; *The VanCamp Packing Company* v. *Hartman* (1890), 126 Ind. 177, 179, 25 N. E. 901; *Rastetter* v. *Reynolds* (1903), 160 Ind. 133, 136, 66 N. E. 612; *Pittsburg, etc., R. Co.* v. *Knox* (1912), 177 Ind. 344, 355, 98 N. E. 295; *Herz Straw Co., Inc.* v. *Capitol Paper Co.* (1940), 216 Ind. 568, 572, 24 N. E. 2d 921. In this

case the usage had been established by the appellee—trustee—and his predecessors in office for their own convenience, long before relator became a teacher in the schools of the appellee township. As was his duty, relator merely complied with the established usage and filed his customary reports agreeable thereto. Certainly appellees may not complain because of this compliance.

The office room of a township trustee is transient in nature and has no definite situs within the township. It moves at the desire of the trustee. The law that authorizes the trustee to have an office room seems to contemplate that it may be transient. So the statute involved in this case providing: ". . . unless on or before the day during which the teacher has completed his customary reports regarding the promotion of pupils *and has filed a copy of same at the office of the township trustee, . . .*" (Our italics) must be given a practical interpretation to accomplish the purposes intended by the legislature. Therefore, it must be held that such reports must be filed at the office designated by the township trustee, by order or usage, for that purpose. In view of the stipulations and the undisputed evidence in the case, that office was the office of the school principal. The relator had properly completed his services as a teacher when he filed his customary reports at the school principal's office on May 6, 1949. If appellees desired to discontinue the services of relator the statute required that they give him proper notice thereof on or before that date. The notice given relator on May 10, 1949, proper in all other respects, was ineffectual because under the facts of this case it came too late. See authorities *State ex rel. Sights* v. *Edwards* (1949), 228 Ind. 13, 22, 88 N. E. 2d 763.

For the reasons given the judgment of the Wabash Circuit Court is reversed with instructions to sustain

the motion for new trial and for further action agreeable with this opinion.

NOTE.—Reported in 99 N. E. 2d 249.