WECKERLY *v.* MONA SHORES BOARD OF EDUCATION

1. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHER—REHIRING.

Any probationary teacher must be notified in writing, at least 60 days before the close of the school year, if he is not to be employed for the ensuing school year (MCLA § 38.83).

2. SCHOOLS AND SCHOOL DISTRICTS — STATUTES — PROBATIONARY TEACHER — REHIRING — NOTICE.

A certified mailing of the written notice of plaintiff-teacher's dismissal by the school board 61 days before the end of the school year but not received by the plaintiff until 56 days before the end of the school year satisfied the statutory 60-day notice requirement where the plaintiff had actual knowledge when her principal gave her oral notice 61 days before the end of the school year that she would not be rehired (MCLA § 38.83).

3. SCHOOLS AND SCHOOL DISTRICTS—STATE TENURE COMMISSION—JURISDICTION—TENURE.

The state Tenure Commission has no jurisdiction to order that plaintiff teacher be returned to her employment where plaintiff had not attained tenure.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Schools § 130 *et seq.*
[1, 2] Sufficiency of notice of intention to discharge teacher, or not to renew contract, under statutes requiring such notice.    92 ALR2d 751.
[1–3] Teacher's tenure statutes, 127 ALR 1298.
[2] 39 Am Jur, Notice and Notices § 5.
[3] 47 Am Jur, Schools § 141.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 October 14, 1970, at Lansing. (Docket No. 7,841.)   Decided December 1, 1970.

Complaint by Evelyn Weckerly against Mona Shores Board of Education for reinstatement as a tenure teacher. The State Tenure Commission ordered that plaintiff be returned to her employment. Defendant appealed. Ingham County Circuit Court vacated the order. Plaintiff appeals. Affirmed.

*Levin & Schier,* for plaintiff.

*Landman, Hathaway, Latimer, Clink & Robb* (by *Charles L. Hitesman*), for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and ZIEM,* JJ.

QUINN, P. J. Plaintiff is a certified teacher, though blind. She was hired by defendant as a teacher for the 1966–1967 school year and rehired for the 1967–1968 school year. During both school years, plaintiff was on probationary status. The last day of the 1967–1968 school year was June 7, 1968, and the sixtieth day before the close of that school year was April 9, 1968.

At a special meeting of defendant held April 3, 1968, the superintendent recommended that plaintiff be placed on a third year of probation because of unsatisfactory classroom discipline. For the same reason, the board voted to terminate her employment at the end of the 1967–1968 school year.

April 8, 1968, the following letter was mailed to plaintiff by certified mail:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Miss Evelyn Weckerly
3711 Henry Street, Apt. 113
Muskegon, Michigan 49441
"Dear Miss Weckerly:

"Under conditions and terms of the Michigan Tenure Act it is my responsibility to notify you that because of unsatisfactory work, your contract will not be renewed.

"Yours truly,
/s/   "Wm. A. Luyendyk,
Superintendent"

The same day plaintiff's principal told her that her contract would not be renewed and that she would be so advised by mail.  April 9, 1968, a postal employee attempted delivery of the certified letter but plaintiff was at school.  A mail-arrival notice was left in plaintiff's mailbox.  Plaintiff testified that she searched for the *expected* letter April 8, 9, 10 and 11, but that she found neither the letter nor the mail-arrival notice until April 12th.  She actually received the letter April 13th and it was read to her.

August 26, 1968, the State Tenure Commission ordered that plaintiff be returned to her employment by defendant as a tenure teacher.  Defendant appealed to Ingham County Circuit Court which vacated the order of the commission.  Plaintiff has appealed to this Court.

Three of the five issues raised by this appeal require no more than cursory treatment by this Court.  In our view, each of these issues has been decided contrary to the position of plaintiff by the Supreme Court in *Munro* v. *Elk Rapids Schools* (1970), 383 Mich 661.  We refer to plaintiff's claim that the statute is unconstitutional, that she was denied procedural due process and there was in fact no basis for the determination by defendant that

plaintiff's work was unsatisfactory. On the latter point, a probationary teacher is entitled to no more than written notice at least 60 days before the close of the school year that her services will be discontinued. MCLA 1970 Cum Supp § 38.83 (Stat Ann 1970 Cum Supp § 15.1983).

The foregoing statute reads:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

It is apparent from this language that the teacher must be provided with a definite written statement as to whether or not his work has been satisfactory and if his services will be discontinued, notified of that fact in writing, both of these acts to be performed by the board at least 60 days before the close of the school year. However, the statute is silent as to the manner of transmitting the written notice from the board to the teacher. The written notice could have been hand delivered, mailed by regular mail or mailed as certified or registered mail; any one of these methods would have been acceptable under the statutory language. Certified or registered mail would give the board concise and ready proof of delivery of the written notice.

It appears to this Court that the 60-day limitation is for the benefit of the teacher and the board; additional time for the teacher to obtain new employ-

ment and additional time for the board to secure a replacement.

The record discloses that plaintiff had actual knowledge that her contract would not be renewed 61 days before the end of the school year. We recognize that the oral notice from her principal did not satisfy the statute, but it did give her the 60-day protection provided in MCLA 1970 Cum Supp § 38.83. Under the circumstances, we hold that the certified mailing of the written notice on April 8, 1968, satisfied the 60-day requirement even though plaintiff did not have the written notice in hand until 56 days before the end of the school year. See *Ledbetter* v. *School District No. 8, El Paso County* (1967), 163 Colo 127 (428 P2d 912).

Plaintiff did not attain tenure and the State Tenure Commission had no jurisdiction. MCLA § 38.84 (Stat Ann 1968 Rev § 15.1984), *Munro, supra.*

Affirmed but without costs.

All concurred.