WECKERLY v MONA SHORES BOARD OF EDUCATION

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—STATUTES —CONSTRUCTION—LEGISLATIVE PURPOSE.

The Michigan Supreme Court has interpreted quite literally in favor of the legislative purpose of protecting teachers' rights a section of the Teachers' Tenure Act providing that at least 60 days before the close of each school year the controlling board *shall provide* the probationary teacher with a definite *written statement* as to whether or not his work has been satisfactory and "to supply for use" most nearly conveys the meaning of "provide" in that section of the statute (MCLA 38.83).

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—STATUTES —NOTICE.

Oral communication of a message, that a teacher's contract would not be renewed, in no way satisfies the literal requirements of the Teachers' Tenure Act, *viz.* providing the written notice (MCLA 38.83).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—NOTICE.

A postman's leaving a notice of attempted delivery of a letter, which was returned to the post office, enclosing a written notice that a teacher's contract would not be renewed because of unsatisfactory work is not providing the written notice required by the Teachers' Tenure Act (MCLA 38.83).

4. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—NOTICE— REINSTATEMENT.

Order of the Tenure Commission, that plaintiff be returned to her employment as a tenure teacher, is reinstated where the actual delivery of a letter, stating that plaintiff's contract would not be renewed because of unsatisfactory work, to the teacher's residence did not occur "60 days before the close of the school year" as required by the Teachers' Tenure Act because the written statement required by that statute was not provided or supplied for use on time (MCLA 38.83).

REFERENCES FOR POINTS OF HEADNOTES
[1] 47 Am Jur, Schools § 129.
[2–4] 47 Am Jur, Schools § 140.

Appeal from Court of Appeals, Division 2, Quinn, P. J., and V. J. Brennan and Ziem, JJ., affirming Ingham, Jack W. Warren, J. Submitted November 10, 1972. (No. 5 November Term 1972, Docket No. 53,233.) Decided December 21, 1972.

28 Mich App 243 reversed.

Evelyn Weckerly sought review of action of the Mona Shores Board of Education in terminating her services as a teacher. The State Tenure Commission ordered that plaintiff be returned to her employment. Defendant appealed. Ingham County Circuit Court vacated the order. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and order of State Tenure Commission reinstated.

*Carl F. Schier,* for plaintiff.

*Landman, Hathaway, Latimer, Clink & Robb* (by *Charles L. Hitesman),* for defendant.

WILLIAMS, J. The narrow issue in this case is at what point has a prescribed written statement of satisfactory or unsatisfactory work been *provided* a probation teacher as required under the Teachers' Tenure Act (MCLA 38.83; MSA 15.1983).

We adopt the facts as stated by the Court of Appeals:

"Plaintiff is a certified teacher, though blind. She was hired by defendant as a teacher for the 1966–1967 school year and rehired for the 1967–1968 school year. During both school years, plaintiff was on probationary status. The last day of the 1967–1968 school year was June 7, 1968, and the sixtieth day before the close of that school year was April 9, 1968.

"At a special meeting of defendant held April 3, 1968,

the superintendent recommended that plaintiff be placed on a third year of probation because of unsatisfactory classroom discipline. For the same reason, the board voted to terminate her employment at the end of the 1967–1968 school year.

"April 8, 1968, the following letter was mailed to plaintiff by certified mail:

" 'Miss Evelyn Weckerly
    3711 Henry Street, Apt. 113
    Muskegon, Michigan 49441

" 'Dear Miss Weckerly:

" 'Under conditions and terms of the Michigan Tenure Act it is my responsibility to notify you that because of unsatisfactory work, your contract will not be renewed.

" 'Yours truly,
    /s/ Wm. A. Luyendyk,
    Superintendent' "

"The same day plaintiff's principal told her that her contract would not be renewed and that she would be so advised by mail. April 9, 1968, a postal employee attempted delivery of the certified letter but plaintiff was at school. A mail-arrival notice was left in plaintiff's mailbox. Plaintiff testified that she searched for the *expected* letter April 8, 9, 10 and 11, but that she found neither the letter nor the mail arrival notice until April 12th. [The correct date was April 11.] She actually received the letter April 13th and it was read to her.

"August 26, 1968, the State Tenure Commission ordered that plaintiff be returned to her employment by defendant as a tenure teacher. Defendant appealed to Ingham County Circuit Court which vacated the order of the commission." 28 Mich App 243, 244–245 (1970).

On December 1, 1970, the Court of Appeals affirmed the decision of Honorable Jack W. Warren in Ingham County Circuit Court. Rehearing denied on January 13, 1971. On January 30, plaintiff and appellant filed application for leave to appeal. Leave was granted on March 14, 1972.

At what point the required written statement

has been *provided* is a question of first impression in this Court. Previously this Court has ruled on other points relating to the "written statement". We have held that if no written statement is provided, the statute requires it " 'shall be considered as conclusive evidence' that the [teacher's] work is satisfactory."[1] We have also held that if the written statement that a contract would not be renewed fails to state whether or not the teacher's work had been satisfactory, the written statement does not meet statutory requirements.[2] In short, we have interpreted this section of the Teachers' Tenure Act quite literally in favor of the legislative purpose of protecting teachers' rights.[3]

The exact words of the statute are consequently important. They are:

"At least 60 days before the close of each school year the controlling board *shall provide* the probationary teacher with a definite *written statement* as to whether or not his work has been satisfactory. Failure to *submit a written statement* shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year *unless notified in writing* at least 60 days before the close of the school year that his services will be discontinued." MCLA 38.83; MSA 15.1983. (Emphasis added.)

The operative sentence is the first and the key word is "provide".

---

[1] *Wilson v Flint Board of Education,* 361 Mich 691, 696 (1960).

[2] This was the holding of the Court upon rehearing in *Munro v Elk Rapids Schools,* 385 Mich 618 (1971) at which time we adopted as the opinion of the Court the minority opinion of Justice T. G. KAVANAGH, 383 Mich 661, 688 (1970).

[3] This Court said in *Rehberg v Ecorse Twp School District No 11,* 330 Mich 541, 548 (1951):

"The tenure act places an additional safeguard upon the arbitrary or unreasonable dismissal of teachers and is designed for their protection."

The first sentence is the critical one, because it is the one in which the Legislature prescribes what must be done. The second and third sentences merely describe the consequences if the prescribed action is not taken. Therefore the reference words "submit" and "notified" in the second and third sentences respectively are merely descriptive of the key word "provide".

The common meaning of "provide" as found in Webster's New Collegiate Dictionary is:

"1. To look out for in advance; to procure beforehand.

"2. To supply for use; afford; yield.

"3. To furnish; stock."

While all three paragraphs describe some of the flavor intended by the Legislature, "[t]o supply for use" most nearly conveys what is here intended.

Applying this construction of the statute to the facts of the case, two things are immediately clear. First, the oral communication of the message in no way satisfies the literal requirements of the statute, *viz.* providing the written notice. Second, the postman's leaving the notice of attempted delivery of the letter enclosing the written notice is not providing the written notice, which was returned to the post office.[4]

Since the actual delivery of the letter to the teacher's residence did not occur "60 days before the close of the school year", the written statement was not provided or supplied for use on time.

The Court of Appeals is reversed and the order of the Tenure Commission is reinstated. No costs, a public question being involved.

---

[4] The date of the mailing is not controlling in satisfying the statutory requirement of providing written notice 60 days before the end of the school year. *School District No 6 of Pima County v Barber,* 85 Ariz 95; 332 P2d 496 (1958).

T. M. KAVANAGH, C. J., and ADAMS, T. E. BREN-
NAN, T. G. KAVANAGH, and SWAINSON, JJ., concur-
red with WILLIAMS, J.

BLACK, J., did not sit in this case.