AJLUNI v WEST BLOOMFIELD SCHOOL DISTRICT
BOARD OF EDUCATION

POTTER v WEST BLOOMFIELD SCHOOL DISTIRCT
BOARD OF EDUCATION

1. ADMINISTRATIVE LAW—STATUTES—ADMINISTRATIVE PROCEDURES
   ACT—LIMITATION OF ACTION—FINAL DECISION—CONTESTED
   CASE—DETERMINATION—EVIDENTIARY HEARING.

   The 60-day time limitation for discharged teachers to bring an
   appeal under the Administrative Procedures Act does not begin
   to run until there has been a final decision in a contested case,
   which the statute defines as a proceeding in which a determina-
   tion of the legal rights and duties or privileges of a named
   party is required by law to be made by an agency after an
   opportunity for an evidentiary hearing (MCLA 24.203[3]).

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE ACT—NOTICE OF
   DISMISSAL—CLOSING OF SCHOOL YEAR.

   A notice of termination on April 11 where the undisputed closing
   date of school was on June 9 gave probationary teachers only
   59 days notice and did not conform with the 60-day notice
   requirement of the Teacher Tenure Act (MCLA 38.83).

3. SCHOOLS AND SCHOOL DISTRICTS—ADMINISTRATIVE LAW—STATUTES
   —TEACHER TENURE ACT— CLOSING OF SCHOOL YEAR—DISMISSAL
   —60-DAY NOTICE— PROBATIONARY TEACHERS—DAY OF CLOSING
   —CALENDAR YEAR.

   The closing of the school year for purposes of determining the
   period for the statutory 60-day notice of dismissal for probation-
   ary teachers under the Teacher Tenure Act is the final day in
   which the teacher is required to perform his regular profes-
   sional services for the school district (MCLA 38.83).

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Schools § 208 *et seq.*
[2] 68 Am Jur 2d, Schools § 187.
   Notice of intention to discharge teacher, or not to renew contract,
   sufficiency under statutes requiring such notice. 92 ALR2d 751.
[3] 68 Am Jur 2d, Schools §§ 152, 153, 159.
[4] 68 Am Jur 2d, Schools § 168.

4. Schools and School Districts—Administrative Law—Statutes
    —Teacher Tenure Act— Notice of Dismissal—Legislative
    Purpose—Teachers' Rights.

   The notice of dismissal provisions of the Teacher Tenure Act are
   to be interpreted quite literally in favor of the legislative
   purpose of protecting teachers' rights (MCLA 38.83).

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 December 11, 1975, at Lansing. (Docket Nos. 18116, 18117.) Decided February 26, 1975. Leave to appeal granted, 394 Mich 811.

Complaint by Susan Ajluni and Elsa Potter against the Board of Education of the West Bloomfield School District alleging violation of mandatory notice of dismissal provisions of the Teacher Tenure Act. Judgment for defendant. Plaintiffs appeal. Reversed, with an order reinstating plaintiffs or at their option reimbursing them for one year's salary.

*Beer & Boltz,* for plaintiffs.

*Dell, Shantz, Booker & Schulte,* for defendant.

Before: Danhof, P. J., and Bashara and Allen, JJ.

Per Curiam. This appeal involves the validity of the discharging of two probationary teachers by the defendant, West Bloomfield Board of Education. The trial court upheld the discharge and plaintiffs appeal. Defendant has also cross-appealed, contending the court did not have jurisdiction over the action.

On April 11, 1972, plaintiffs received written notice that their employment would be terminated at the end of the school year. Plaintiffs filed petitions with the Michigan Teachers Tenure Com-

mission on May 11, 1972, seeking to overturn their discharge. The commission dismissed both appeals on the grounds that they were not tenured teachers. Plaintiffs then filed suit in Oakland County Circuit Court. The trial court in upholding the discharge held that defendant met the requirements of the 60-day statutory notice provision,[1] since the school year began on July 1, 1971[2] and ended on June 30, 1972.

Prior to the hearing of the case on its merits, defendant moved for dismissal of the cause arguing that the circuit court lacked jurisdiction. Defendants in their cross-appeal, relying on several provisions of the Administrative Procedures Act, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.,* argue that plaintiffs were required to file their action in the circuit court within 60 days after having been discharged.

Defendant's argument is wholly without merit. The judicial review provisions and the 60-day time limitation contained in the Administrative Procedures Act are only involved if there has been a final decision in a *contested case.* MCLA 24.301; MSA 3.560(201); MCLA 24.304(1); MSA 3.560(204)(1).

MCLA 24.203(3); MSA 3.560(103)(3) defines a contested case as a "proceeding * * * in which a determination of the legal rights, duties or privi-

---

[1] MCLA 38.83; MSA 15.1983 provided:

"Sec. 3. At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory: Provided, That failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory, and: Provided further, That any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified at least 60 days before the close of the school year that his services will be discontinued.  ·

[2] MCLA 340.353; MSA 15.3353 provided "[t]he school year of all districts shall commence on the first day of July."

leges of a named party is required by law to be made by an agency after an opportunity for an *evidentiary hearing"*. (Emphasis supplied.) The instant case cannot qualify as a "contested case", as there was no opportunity for an evidentiary hearing. Therefore, the requirements and limitations of the Administrative Procedures Act do not apply. The trial court properly ruled that it did have jurisdiction over the instant matter.

The principal issue on appeal is whether the trial court was correct in holding that the 60-day notice provision of MCLA 38.83; MSA 15.1983 was complied with.

The parties are in agreement that plaintiffs received written notification of their discharge on April 11, 1972. They also agree the school year began on July 1. MCLA 340.353; MSA 15.3353. The point disputed is the date on which the school year ended. Plaintiffs contend the trial court erred in using a calendar year approach to compute the 60-day period. They argue the school year ends on the last day the teacher is required to perform services.

We have found plaintiffs' argument to be persuasive. In *Weckerly v Mona Shores Board of Education,* 388 Mich 731; 202 NW2d 777 (1972), the Supreme Court, in holding that the teachers did not receive the requisite 60-day notice, used June 7, 1968 as the last day of the school year. In *Fucinari v Dearborn Board of Education,* 32 Mich App 108, 112; 188 NW2d 229 (1971), the Court stated:

"The record discloses that the closing date of school in 1969 was June 13. Thus, it is necessary that the defendant shall have provided the written statement at least 60 days prior to June 13, 1969. If the defendant failed to comply with this provision, the plaintiff was

entitled to employment for the next school year, and having satisfactorily completed the two-year probationary period would have then attained continuing tenure."

These cases indicate that the end of the school year is on other than June 30, the day prior to its commencement. They hold that written notification of discharge must be 60 days prior to the closing of school. We note with approval that the Teacher Tenure Commission, in *Carik v Grosse Pointe Public School System Board of Education,* Docket No. 70-22 (Oct. 16, 1970), has defined the close of the school year for purpose of the Michigan Teachers Tenure Act as the final day in which the teacher is required to perform his regular professional services for the school district.

We hold that the closing of school determines the termination of the school year in each district. In the instant case, it is undisputed the closing date of school was on June 9, 1972. Since plaintiffs received notice of termination on April 11, they were only given 59 days notice. The mandate of MCLA 38.83 is specific, clear and was not complied with. As stated in *Weckerly v Mona Shores Board of Education, supra,* at p 734, "[W]e have interpreted this section [MCLA 38.83; MSA 15.1983] of the Teachers' Tenure Act quite literally in favor of the legislative purpose of protecting teachers' rights".

We, therefore, order that defendant reinstate plaintiffs as second year probationary teachers or at plaintiff's option reimburse for the one year's salary which they would have earned as second-year probationary teachers for the school year 1972–73. We do so in accordance with MCLA 38.83; MSA 15.1983. The trial court shall deduct the amounts of money, if any, plaintiffs have

earned during the 1972–73 school year in making its final award. Mitigation of damages is mandated by the recent decision of *Shiffer v Board of Education of Gibraltar School District,* 393 Mich 190; 224 NW2d 255 (1974).

No costs, a public question being involved.