The STATE of Delaware, on the relation of Wesley M. HALL, Plaintiff,

v.

Harry F. CAMPER et al., Defendants.

Superior Court of Delaware, New Castle.

Submitted Aug. 29, 1975.

Decided Oct. 23, 1975.

---

Louis L. Redding, Wilmington, for plaintiff.

N. Maxson Terry, Jr. of Terry, Terry & Jackson, Dover, for defendants.

STIFTEL, President Judge.

Plaintiff contracted with Capital School District (hereinafter "Board") to serve as Principal of West Dover Elementary School for a term of two years, commencing September 1, 1972, and ending June 30, 1974. The standard Administrator's contract contained specific provisions governing notice of termination:

"Failure on the part of either the Board of Education or the Administrator [Principal] to notify the other in writing by certified mail, no later than six months prior to the termination of the contract, of either party's intent not to renew the contract will automatically result in a one year extension of the existing contract."

The Board decided to terminate the Principal's contract.

On December 21, 1973, a certified letter was sent by the Board to the plaintiff at 21 Oakmont Drive, Dover, Delaware, notifying him that his contract would not be renewed. The letter was never received by the plaintiff, and was returned to the Board on January 7, 1974, with a notation on the envelope which indicated that there were no mailboxes at the houses on Oakmont Drive. Later that day, upon learning that plaintiff had a post office box, the Board sent plaintiff a second certified notice of termination at P.O. Box 79, 21 Oakmont Drive, Dover, Delaware. Plaintiff received the second notice on January 8 or 9, 1974, and was replaced as the Principal of West Dover Elementary School.

Plaintiff contends that the notice of termination was not given to him in a timely manner, thus activating the automatic one-year extension clause of the contract. Plaintiff seeks a writ of mandamus to compel the members of the Board of Education of the Capital School District to restore him to his position as Principal of the West Dover Elementary School at an annual salary of $19,749.00. In the alternative, plaintiff asks payment of the aforementioned sum.

The Board moved for summary judgment, claiming that the employment contract requires only a certified mailing of the termination notice, and makes no mention of receipt of the notice. Thus, the Board says, notice of termination was effective when mailed, regardless of whether or not it was received. The Board states that the mailing date of December 21, 1973, should control, thereby satisfying the six month time provision for effective notice of termination of the employment contract.

 Generally speaking, the law requires that notice be actually received in order to be effective for all purposes. The mere deposit in the mail of a notice, under the general law, is not sufficient to bind a

person who never receives it. If the mailed notice is in fact not received, then the notification is without any legal effect. *Jewell v. Unemployment Compensation Commission*, Del.Supr., 183 A.2d 585, 587 (1962). However, there is a presumption that mailed matter, correctly addressed, stamped and mailed, was received by the party to whom it was addressed. This presumption is rebuttable and may be overcome by evidence that the notice was never in fact received. *Szczesney v. Vasquez*, 71 N.J.Super. 347, 177 A.2d 47, 50 (1962).

There is no doubt that plaintiff did not receive the notice of termination addressed to 21 Oakmont Drive, Dover, Delaware, prior to the six month period as required in his employment contract. There were no mailboxes at the new homes and the Post Office returned the mail to the sender. It makes a difference, however, if the plaintiff or his agent was responsible for giving the Board an address to which he had not yet moved. The Board states that the December 21 termination letter would have reached the plaintiff in a timely manner if he had given the correct mailing address to his secretary, Mrs. Hicks, for inclusion in the school directory, from which the Board obtained the plaintiff's address. The Board places responsibility upon the plaintiff for the absence of his correct address in the directory and states that he should be responsible for the action of his secretary, his agent, if she gave the wrong address to the people who compiled the school directory.

Plaintiff, in his affidavit, denies that Mrs. Hicks was his agent and claims that she is a "school secretary" and not his personal secretary. He also denies that he gave her an incorrect address for the school directory. He further states that he never saw the school directory prior to the time he filed this case. Thus, there is an issue of fact as to whether or not his secretary was his agent and whether or not she supplied an incorrect address for publication in the school directory. In other words, it is for a fact-finder to determine if the Principal is responsible for the Board's use of the wrong address in the December 21 mailing.

The Board also claims that even if the receipt of termination is required, that the eight-day delay in receiving the notice was so minimal that in the absence of any prejudice suffered by the plaintiff, it should be forgiven as a matter of law. The Board advances no case to support its argument that an eight-day delay can be considered a minimal one and excusable as a matter of law. It does, however, cite *Music, Inc. v. Henry B. Klein Co.*, 213 Pa.Super. 182, 245 A.2d 650 (1968), which excused a two-day delay.

The holding of *Music, Inc.* is not the majority position on this question. Courts have generally subjected the terms of the agreement or applicable statute to strict construction. In *School District No. 6 of Pima County v. Barber*, 85 Ariz. 95, 332 P.2d 496 (1958), delays of one day in the case of one teacher and three days in the case of another in receiving notice of termination were held not excusable. The same conclusion was reached in *Wallis v. Crook County School District*, 13 Or.App. 174, 509 P.2d 44 (1973), wherein the delay was also one day. In both *State ex rel. Brinker v. Coffin*, 229 Ind. 476, 99 N.E.2d 249 (1951) and *Weckerly v. Mona Shores Board of Education*, 388 Mich. 731, 202 N.W.2d 777 (1972), delays of four days were not excused.

In view of the foregoing, I find that the Board failed to establish, as a matter of law, that a delay of eight days in providing the requisite notice can be excused.

Defendants' motion for summary judgment is denied.

It is so ordered.