THOMAS v SCHOOL DISTRICT OF THE CITY OF KALAMAZOO

RECK v SCHOOL DISTRICT OF THE CITY OF KALAMAZOO

1. SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF TEACHERS—PROBA-
   TIONARY TEACHERS—HEARINGS—JUST CAUSE—COLLECTIVE BAR-
   GAINING CONTRACT.

   Discharged probationary teachers are not entitled under a collect-
   ive bargaining contract to a hearing to determine whether just
   cause exists for the discharge where a review of the contract
   reveals that the right to a hearing is available only to tenured
   teachers.

2. SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF TEACHERS—
   TEACHER TENURE ACT—PROBATIONARY TEACHERS—NOTICE—
   STATUTES.

   The portions of the teacher tenure act dealing with discharge,
   demotion or retirement of teachers does not apply to probation-
   ary teachers; a school board desiring to discharge a probation-
   ary teacher has a requirement only to notify in writing as to
   whether or not the work has been satisfactory, and give notice
   that services will be discontinued at least 60 days before the
   close of the school year (MCLA 38.83, 38.84; MSA 15.1983,
   15.1984).

3. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHERS—PROP-
   ERTY INTERESTS—HEARINGS—DISCHARGE OF TEACHERS—IMPUGN-
   ING REPUTATION.

   A nontenured teacher does not have a sufficient property interest
   to require a hearing before dismissal unless such interest is
   created by either state law, rules, or understandings securing
   certain benefits, except that where the reasons for nonrenewal
   impugn the good name, reputation, honor or integrity of the
   teacher, a hearing to determine the truth of those charges
   might be warranted.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 68 Am Jur 2d, Schools §§ 185, 189, 190.
[4] 68 Am Jur 2d, Schools § 149 *et seq.*

4. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE ACT—DUE PROCESS—STATUTES.

The Michigan teacher tenure act fully satisfies the constitutional requirements of due process (MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.).*

Appeal from Kalamazoo, Patrick H. McCauley, J. Submitted February 2, 1977, at Grand Rapids. (Docket Nos. 27523, 27524.) Decided March 30, 1977. Leave to appeal applied for.

Complaints by Susan R. Thomas and Robert Reck against the School District of the City of Kalamazoo and the Board of Education of the School District of the City of Kalamazoo seeking to compel hearings to determine the truth of allegations made by the defendants at a meeting in which a decision was reached not to rehire the plaintiffs, who were probationary teachers in the defendant school district. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Foster, Swift & Collins, P. C.* (by *James A. White),* for plaintiffs.

*Combs, Huff & Carey,* for defendants.

Before: D. F. WALSH, P. J., and QUINN and BASHARA, JJ.

BASHARA, J. Plaintiffs appeal from orders granting summary judgment in favor of defendant school system. Plaintiffs were employed as probationary teachers by defendants during the 1972–73 and 1973–74 school years. Both were notified in writing on April 12, 1974, that they would not be rehired for the ensuing school year. Reasons for the decision not to rehire were stated in the notification letters.

A collective bargaining agreement was in force during the 1973–74 school year. Art XII, § C provided that:

"No teacher shall be disciplined, reprimanded, reduced in rank or compensation or deprived of any professional advantage or denied continued employment without just cause. Any such discipline, reprimand, reduction in rank, compensation or advantage, or denial of continued employment including adverse evaluation of a teacher's performance asserted by the Board or representative thereof shall be subject to the professional grievance procedure hereinafter set forth provided, however, that the arbitration step of the grievance procedure shall not be available for the adjudication of any complaint by a non-tenure teacher dealing with any matter covered by the Tenure Act. All information forming the basis for disciplinary action shall be made available to the teacher upon request."

It is conceded by plaintiffs that meetings were held regarding the decision not to rehire them. However, it was their position that by contract, statute, and constitution they were entitled to a hearing to determine the truth of the allegations made by defendants. The trial court held that defendants had not violated plaintiffs' contractual or statutory rights because they were only probationary teachers.

We must therefore examine each of the plaintiffs' alternative theories to determine whether the court erred in granting summary judgment to defendants.

Plaintiffs contend the contractual language of article XII, § C stating that "no teacher shall be * * * denied continued employment without just cause" contemplates that a hearing must be held to determine whether just cause exists. However, the same provision of the contract provides that

the arbitration step of the grievance procedure shall not be available to nontenured teachers.

A review of the remainder of the contract reveals several instances where the right to a hearing is available only to tenured teachers. We must conclude that as probationary teachers the plaintiffs had no right to a hearing under the collective bargaining agreement.

Plaintiffs next contend that the teacher tenure act protects nontenured teachers from an arbitrary and capricious dismissal. MCLA 38.81; MSA 15.1981, provides that "all teachers during the first 2 school years of employment shall be deemed to be in a period of probation". The only statutory requirement for dismissal within the two year probationary period is that the teacher be notified in writing as to whether or not his work has been satisfactory, and that his services shall be discontinued, at least 60 days before the close of the school year. MCLA 38.83; MSA 15.1983.

Article IV, § 1 of the act[1] provides that "discharge or demotion of a teacher *on continuing tenure* may be made only for reasonable and just cause, and only after such charges, notice, *hearing,* and determination thereof, as are hereinafter provided". (Emphasis supplied.) MCLA 38.84; MSA 15.1984 specifically states that Article IV, dealing with discharge, demotion or retirement shall not apply to probationary teachers. We are thus left with the inescapable conclusion that the Legislature intended that school boards need only notify probationary teachers of the reasons for dismissal within the statutory period. *Weckerly v Mona Shores Board of Education,* 388 Mich 731; 202 NW2d 777 (1972).

Finally, plaintiffs argue that where no opportu-

---

[1] MCLA 38.101; MSA 15.2001.

nity exists for a hearing to determine the truth of the charges against them, they are denied due process of law. They claim the trial court's finding that plaintiffs did not have a sufficient property interest to claim this protection is erroneous under settled Federal law and should be reversed.

Plaintiffs rely on *The Board of Regents of State Colleges v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972), in support of their position. However, the *Roth* case buttresses the proposition that a nontenured teacher has no sufficient property interest to require a hearing before dismissal unless such is created by either state law, rules, or understandings securing certain benefits. As we have already held, plaintiffs acquired no rights to a hearing by contract or state statute.

*Perry v Sinderman,* 408 US 593; 92 S Ct 2694; 33 L Ed 2d 570 (1972), also cited by plaintiffs, is not applicable to the case at bar. There it was found the plaintiff had a continuing expectancy of employment because of the possibility of "rules and understandings" that might justify his claim to continued employment, absent just cause.

*Arnett v Kennedy,* 416 US 134; 94 S Ct 1633; 40 L Ed 2d 15 (1974), dealt with a Federal act which conferred the right not to be discharged except for cause. The *Arnett* Court held that even though the term "just cause" was used, and the employee was nonprobationary, a due process right to a hearing did not attach.

It is to be noted that *Roth, supra,* holds that where the reasons for nonrenewal impugn the good name, reputation, honor or integrity of the individual, a hearing to determine the truth of those charges might well be warranted. *Arnett v Kennedy, supra,* echoes that holding. However, in the case at bar the reasons given for nonrenewal

relate strictly to job performance. They do not fall within the spectrum above stated from either *Roth* or *Arnett.*

Finally *Munro v Elk Rapids Schools,* 385 Mich 618; 189 NW2d 224 (1971), has clearly set forth that the Michigan teacher tenure act fully satisfies the constitutional requirements of due process.

In sum, we hold that it is the intent of the Legislature, as well as the collective bargaining agreement, that these probationary teachers are not entitled to the expectancy of a hearing to determine the merits of the reasons for discharge.

Affirmed. No costs, a public question being involved.