AJLUNI v WEST BLOOMFIELD SCHOOL DISTRICT BOARD OF EDUCATION

POTTER v WEST BLOOMFIELD SCHOOL DISTRICT BOARD OF EDUCATION

Docket Nos. 56777, 56932, 56776, 56933. Argued February 4, 1976 (Calendar Nos. 9, 10, 11, 12).—Decided August 26, 1976. Rehearing denied 398 Mich 951.

Plaintiffs Susan Ajluni and Elsa Potter were first-year probationary teachers hired by defendant West Bloomfield School District during the school year 1971–1972, which closed June 30. Both were notified on April 11, 1972 that their services would be discontinued. Plaintiffs' complaints for mandamus were dismissed by the Oakland Circuit Court, William P. Hampton, J., on the grounds that the defendant had complied with dismissal provisions of the teacher tenure act. The Court of Appeals, Danhof, P. J., and Bashara and Allen, JJ., reversed in a per curiam opinion (Docket Nos. 18117, 18116). The parties appeal. *Held:*

The trial court's decision to consider the close of the school year as June 30, based on a statute which requires the school year of all districts to commence on the first day of July, is reasonable and supported in common sense. Because the notices had been given at least 60 days before the close of the school year as required by the teacher tenure act, dismissal of the plaintiffs was proper. The decision of the Court of Appeals is reversed.

Justice Williams, with Chief Justice Kavanagh concurring, dissented on the ground that the required 60-day notice has always been assumed without question by the Supreme Court

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 17 Am Jur 2d, Contracts § 257.

68 Am Jur 2d, Schools § 143.

[2–4] 68 Am Jur 2d, Schools §§ 185, 187, 188.

Sufficiency of notice of intention to discharge teacher, or not to renew contract, under statutes requiring such notice. 92 ALR2d 751.

Teachers' tenure statutes. 127 ALR 1298.

to date from the day that school actually closed, and that the assumption was correct.

Justice Levin dissented on the ground that the term "school year" as used in the teachers' tenure act has been regarded by the State Tenure Commission and the courts as the time during which school is in session and teaching services are required to be rendered. The school code in effect when the tenure act was adopted contemplated a school year for instructional purposes which varied from district to district, and the concept was carried forward in the present statute, the School Code of 1955. If the school year is invariable, then it would not depend on the "time and place where services were rendered", the definitional language used in the tenure act.

59 Mich App 213; 229 NW2d 385 (1975) reversed.

OPINION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE ACT—DISMISSAL —CLOSING OF SCHOOL YEAR.

The closing of the school year for purposes of determining the period for the statutory 60-day notice for dismissal of probationary teachers under the teacher tenure act is June 30; this is consistent with the statute which states that the school year of all school districts commences on July 1 (MCL 38.83, 340.353; MSA 15.1983, 15.3353).

DISSENTING OPINION

KAVANAGH, C. J., and WILLIAMS, J.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE ACT—NOTICE OF DISMISSAL.

*A notice of termination on April 11 where the undisputed closing date of school was on June 9 gave probationary teachers only 59 days notice and did not conform with the 60-day notice requirement of the teacher tenure act (MCL 38.83; MSA 15.1983).*

3. SCHOOLS AND SCHOOL DISTRICTS—NOTICE OF DISMISSAL—CLOSING OF SCHOOL YEAR.

*The closing of the school year for purposes of determining the period for the statutory 60-day notice of dismissal for probationary teachers under the teacher tenure act is the final day in which the teacher is required to perform his regular professional services for the school district (MCL 38.83; MSA 15.1983).*

Dissenting Opinion
Levin, J.

4. Schools and School Districts—Teacher Tenure Act—Dismissal
   —Closing of School Year.
   *The term "school year" for purposes of determining the period for
   the statutory 60-day notice for dismissal of probationary teach-
   ers under the teacher tenure act means the time during which
   school is in session and teaching services are required to be
   rendered (MCL 38.83; MSA 15.1983).*

*Beer & Boltz* for plaintiffs.

*Dell, Shantz, Booker & Schulte* for defendant.

Per Curiam. All of these appeals were consoli-
dated and based on a relatively simple set of facts.
Ajluni and Potter were hired as first-year proba-
tionary teachers during school year 1971–1972.
(Potter was hired as of September 30, 1971, and
Ajluni as of January 31, 1972.) Both were notified
on April 11, 1972, that their services would be
discontinued.

After failing to obtain relief before the State
Tenure Commission, Potter and Ajluni filed com-
plaints for mandamus in circuit court. The circuit
court dismissed the complaints on the grounds
that the close of the school year was June 30 and
the notices had been given at least 60 days before
the close of the school year as required by MCLA
38.83; MSA 15.1983. After cross appeals to the
Court of Appeals, the trial court was reversed, the
Court of Appeals construing the "close of the
school year" to mean the last day the teacher is
required to perform services, which for school year
1971–1972 was June 11, 1972. Therefore, the no-
tice was 59, not "At least 60 days before the close
of the school year", and relief was ordered. 59
Mich App 213; 229 NW2d 385 (1975).

The trial court's decision to consider the close of the school year as June 30 provides the best result in construing the teacher tenure act as a whole. The trial court based its decision on MCLA 340.353; MSA 15.3353, which states that the school year of all districts shall commence on the first day of July. Although this does not compel as a matter of law that the last day of the school year be June 30, such a conclusion is reasonable and supported in common sense. It also has the salutary effect of providing certainty to all parties every year of the date by which notice must be given. Under the Court of Appeals interpretation, this certainty is not available.

It is apparent that the parties in these cases assumed that the close of the school year meant the last day the teacher was required to perform services. That matter was not contested before the State Tenure Commission, nor the trial court. Before the Court of Appeals, the answering brief of defendant-appellee maintained that during the two-year probationary period appellant Potter could not have completed her two-year probationary period until September 30, 1973, and hence the end of her first probationary school year would have been September 30, 1972. As to appellant Ajluni, in like manner they argued that her first probationary year would necessarily end on January 31, 1973. The matter does not appear to have been put in focus, therefore, before the Court of Appeals, nor was it argued before this Court. "A point thus assumed without consideration is of course not decided." *Allen v Duffie,* 43 Mich 1, 11; 4 NW2d 427 (1880); *In re Fitch Drain No. 129,* 346 Mich 81, 90; 77 NW2d 450 (1956).

The Court of Appeals is reversed and the order of the trial court dismissing the complaints of

Ajluni and Potter is reinstated. No costs, neither party having prevailed in full.

Coleman, Fitzgerald, Lindemer, and Ryan, JJ., concurred.

Williams, J. *(for affirmance).* Up until the majority's per curiam decision in the instant case, this Court has always assumed, without question, that the required 60-day notice dated from the day school actually closed. *Weckerly v Mona Shores Board of Education,* 388 Mich 731, 732; 202 NW2d 777 (1972). See also *Fucinari v Dearborn Board of Education,* 32 Mich App 108, 112; 188 NW2d 229 (1971). I believe we have done so correctly.

I therefore agree with the reasoning, result and order of the Court of Appeals and would affirm.

Kavanagh, C. J., concurred with Williams, J.

Levin, J. It appears from decisions of the tenure commission,[1] the Court of Appeals,[2] and this Court[3] that the term "school year", as defined in the teachers' tenure act,[4] has been regarded as the time during which school is in session and teaching services are required to be rendered.

The provision of the School Code of 1955 relied on by my colleague, "the school year of all districts

---

[1] "It is the decision of this Commission that the close of the school year for tenure purposes is defined in the Michigan Teacher Tenure Act as the final day in which the teacher is required to perform his regular professional services for the school district." *Carik v Grosse Pointe Public School System Board of Education* (Docket No. 70-22) (Oct 16, 1970).

*See also Keefer v Jackson County School District* (Docket No. 66-6) and *Weckerly v Mona Shores Board of Education* (Docket No. 68-6).

[2] *Fucinari v Dearborn Board of Education,* 32 Mich App 108, 112; 188 NW2d 229 (1971).

[3] *Weckerly v Mona Shores Board of Education,* 388 Mich 731, 732; 202 NW2d 777 (1972).

[4] MCLA 38.75; MSA 15.1975.

shall commence on the first day of July",[5] is de-
rived verbatim from the 1927 school code.[6] This
language, thus, was part of the school law when
the teachers' tenure act was enacted (1937 Ex Sess
PA 4) providing: "The 'school year' shall be defined
as the legal school year at the time and place
where service was rendered."[7]

The 1927 code provided that the voters "shall
determine the *length of time a school shall be
taught* in their district during the ensuing year"[8]
and that "[i]n case the people do not determine the
*length of the school year,* the district board shall
determine the same".[9]

It thus appears that the term "school year" was
used in two senses in companion sections of the
same chapter of the 1927 code.[10] For instructional
purposes the school year varied from school dis-
trict to school district. It still does. The 1955 code
carried forward the concept of varying school
years for instructional purposes: "The board of
every district shall determine the length of the
school term."[11]

The 1937 tenure act, in not prescribing the same
"school year" for all districts and in adopting the
"legal school year at the time and place where
services were rendered", chose the varying school
year determined severally by each district from
time to time for instructional purposes—the
"school year" related to the objectives of the legis-
lation.

If the school year invariably commences July 1

---

[5] 1955 PA 269, § 353; MCLA 340.353; MSA 15.3353.

[6] 1927 PA 319, part II, ch 2, § 2; 1929 CL 7361.

[7] MCLA 38.75; MSA 15.1975.

[8] 1927 PA 319, part II, ch 2, § 10; 1929 CL 7369.

[9] 1927 PA 319, part II, ch 2, § 11; 1929 CL 7370.

[10] §§ 2 and 11 of ch 2, part II.

[11] 1955 PA 269, § 575; MCLA 340.575; MSA 15.3575.

and extends through the following June 30, the "school year" would not, for this purpose, depend on "the time and place where service was rendered".

My colleague states that adoption of June 30 as the unvarying last day of the school year "has the salutary effect of providing certainty to all parties every year of the date by which notice must be given". He also states that in these cases the parties "assumed that the close of the school year meant the last day the teacher was required to perform services". It is apparent that the failure to give timely notice was not due to uncertainty as to the date by which notice must be given. Fixing an unvarying date will not preclude human error or eliminate the issues presented regarding remedy where untimely notice is given.