*In re* SACHS' ESTATE.

SACHS *v.* SACHS.

1. EVIDENCE—ADMISSIBILITY OF HOSPITAL RECORDS.
   Hospital records of a patient were properly rejected, in absence of proof as to their correctness.

2. WILLS—EXPERT WITNESSES—EVIDENCE—OPINION NOT BASED ON FACTS NOT EVIDENCE.
   Testimony by a medical expert, who had never seen or heard of testator in his lifetime, that testator was incompetent to make a will, given in response to a hypothetical question based on no facts tending to show testator's mental incompetency, was not evidence.

3. Same—Mental Competency—Directed Verdict.

> Where no one acquainted with testator testified to anything indicating either mental incompetency or undue influence, and the scrivener who drew the will, the subscribing witnesses who were old friends of testator, and the doctors who treated him all testified that he was mentally competent, a verdict for proponents was properly directed.

Error to Wayne; Webster (Arthur), J. Submitted April 22, 1931. (Docket No. 26, Calendar No. 35,529.) Decided June 1, 1931.

William Sachs and others presented for probate the last will and testament of Henry Sachs, deceased. Arthur Sachs filed objections on the ground of nonexecution, mental incompetency, and undue influence. Upon certification to the circuit court, verdict was directed and judgment given for plaintiffs. Defendant brings error. Affirmed.

*Charles F. Delbridge* and *W. Leo Cahalan,* for plaintiffs William Sachs and Clara Sachs Asmus.

*Frank G. Mixter,* for plaintiffs Ralph Sachs and Myrtle Sachs, guardian.

*Frank C. Sibley,* for defendant.

Potter, J. Henry Sachs of Wyandotte made his last will and testament, January 24, 1929, and died February 22, 1929. His will, on being offered for probate, was objected to by appellant on the grounds of nonexecution, mental incompetency, and undue influence; and, on appellant's application, certified to the circuit court, where, upon trial, a verdict was directed for proponents. Contestant brings error. The testimony of the scrivener who drew the will, an attorney of 34 years' practice, of the subscribing

witnesses who were old friends of the testator, and of doctors Albert P. Walker, Presley L. Pound, and William H. Honor, all of whom had treated him, is that testator was mentally competent. No one acquainted with him testified to anything indicating either mental incompetency or undue influence. Testator signed the will with proper formalities. The testator was in a hospital in 1928. The hospital records were offered in evidence and properly rejected. *Metropolitan Life Ins. Co.* v. *Dabudka,* 232 Mich. 36; 22 C. J. p. 902. Their authenticity was not questioned, but their correctness was not proven. One William C. Lawrence, a medical expert, in response to a hypothetical question based upon no facts tending to show testator's mental incompetency, and who, so far as the record shows, had never known, seen or heard of testator in his lifetime, testified testator was mentally incompetent to make a will. This was not evidence. The direction of a verdict for proponents was correct. Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.