## CADDELL v. ECORSE BOARD OF EDUCATION

1. Schools and School Districts—Teacher—Suspension—Superintendent of Board of Education—Statutory Authority.

    Plaintiff teacher's suspension from duty by superintendent of defendant board of education for alleged improper absences and tardiness was within the statutory authority of the superintendent (CL 1948, § 340.66, as amended by PA 1966, No. 254).

2. Schools and School Districts—Teachers—Dismissal—Board of Education.

    Dismissal of plaintiff teacher by defendant board of education, based upon a finding by the board that plaintiff had been improperly absent from duty, had been tardy, and had falsified his sign-in time, was within the scope of the board's authority (CLS 1961, § 340.967).

3. Administrative Law—Procedure—Decision of Administrative Agency—Review by Courts.

    All final decisions of administrative agencies may be subjected to direct review by the courts; therefore a probationary teacher who was dismissed by a board of education may appeal directly to circuit court even though there is no specific statutory authorization for such an appeal (Const 1963, art 6, § 28).

4. Administrative Law—Procedure—Agency Action—Review by Courts.

    There is no basis for judicial interference where an agency acts within the scope of its authority and its action is neither unreasonable nor arbitrary.

References for Points in Headnotes

[1, 2, 6, 8] 47 Am Jur, Schools §§ 125, 139.
[3, 4] 2 Am Jur 2d, Administrative Law § 553 et seq.
[5] 47 Am Jur, Schools § 129.
[7] 41 Am Jur, Pleading § 289 et seq.

5. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—PUR-
POSE.

The basic purpose of the teachers' tenure act is to protect
teachers from arbitrary and unreasonable dismissals.

6. SCHOOLS AND SCHOOL DISTRICTS—TEACHER—DISMISSAL—BOARD
OF EDUCATION—STATUTORY AUTHORITY—JUDICIAL REVIEW.

Dismissal of plaintiff teacher by defendant board of education
which was within the statutory authority of the board was
proper where there was no allegation that the board acted
corruptly, in bad faith, or in clear abuse of its powers
(CLS 1961, § 340.967).

7. PLEADING—AMENDMENT OF PLEADINGS—COURT RULE.

Pleadings may be amended as a matter of right at any time
before or within fifteen days after a responsive pleading
is served; otherwise pleadings may be amended only by leave
of the court or by written consent of the adverse party (GCR
1963, 118).

8. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—SUSPENSION—DIS-
MISSAL—WAGES.

Teacher suspended from duty by the superintendent of a board
of education and later dismissed by the board is entitled
to be paid wages from the date of his suspension to the date
of termination of his employment.

Appeal from Wayne, Neal Fitzgerald, J.   Sub-
mitted Division 1 June 4, 1969, at Detroit.   (Docket
No. 4,990.)   Decided June 23, 1969.

Complaint by Howard Caddell against the Ecorse
Board of Education, a municipal corporation, to re-
cover money due under an employment contract.
Defendant's motion for summary judgment granted.
Plaintiff appeals.   Modified and affirmed.

*Craig & Fieger,* for plaintiff.

*Harry F. Vellmure* and *Victor T. Mitea,* for de-
fendant.

BEFORE: Holbrook, P. J., and McGregor and Bronson, JJ.

Per Curiam. Plaintiff, a teacher in the employ of defendant school district, was suspended by the superintendent of schools on November 16, 1966, for having violated school rules and regulations. At the conclusion of a hearing, held January 9, 1967, the defendant board of education discharged plaintiff. The dismissal was based upon the board's finding that plaintiff was absent from duty without properly reporting these absences, was tardy, and falsified sign-in times.

Plaintiff appealed this decision to the circuit court, seeking the balance of the salary due him under his employment contract or, in the alternative, for his salary from the date of suspension to the date of dismissal. From a summary judgment in favor of the defendant school board, plaintiff appeals.

Plaintiff raises two issues on appeal:

1) Did the circuit court err in refusing to review the action of the defendant school board in determining that a contract of employment could be terminated?

2) Did the circuit court err in dismissing an action for a portion of the salary due under a terminated contract for the period between suspension and dismissal?

The superintendent of the Ecorse board of education was acting within the scope of his statutory authority when he suspended plaintiff.[1] The Ecorse

---

[1] CL 1948, § 340.66 as amended by PA 1966, No 254 (Stat Ann 1968 Rev § 15.3066) states in part:

"The superintendent shall have the following duties:

"(a) To recommend in writing all teachers necessary for the schools and to suspend any teacher for cause until the board may consider such suspension."

board of education was also acting within the scope
of its authority when it dismissed plaintiff.[2]

Although the teachers' tenure act does not provide
specifically for review of a decision of a board of
education in dismissing a probationary teacher,[3] all
final decisions of administrative agencies may be
subject to direct review by the courts of this state.[4]

---

[2] CLS 1961, § 340.967 (Stat Ann 1968 Rev § 15.3967) states:

"Any neglect or refusal on the part of any superintendent,
principal or teacher to comply with the provisions of this act shall
be sufficient cause for dismissal from the school and cancellation
of his or her contract by the board."

On December 6, 1966 plaintiff and his attorney were informed
of a meeting to be held on January 9, 1967, at which plaintiff's
suspension would be reviewed, and that plaintiff and his representa-
tive could be present at that meeting. Plaintiff and his attorney
attended the board of education meeting of January 9, 1967.
After hearing testimony the board adopted the following resolu-
tion:

"Based upon the testimony and evidence offered in the matter
of the hearing of Mr. Howard Caddell, it is the finding of the
Board of Education that Mr. Caddell was absent from duty on
September 21, 1966, and November 14, 1966, without properly
reporting his absence, that Mr. Caddell was tardy in reporting for
duty on October 6, 1966, October 17, 1966, October 21, 1966, and
October 31, 1966, and, further, that on October 31, 1966, Mr. Cad-
dell falsified his 'sign in' time;

"Now, therefore, be it resolved that the action of the Superin-
tendent in suspending Mr. Caddell indefinitely from November 16,
1966, be and is thereby affirmed;

"Be it further resolved that based upon said findings that *Mr.
Howard Caddell's employment with the Ecorse Public Schools be and
is hereby forthwith terminated.*

"Be it further resolved that a copy of this resolution be forwarded
to Mr. Caddell and to his attorney, Mr. Bernard J. Fieger.

"Motion carried." (Emphasis added.)

[3] See CL 1948, § 38.84 as added by PA 1963, No 242 (Stat Ann
1968 Rev § 15.1984).

[4] Const 1963, art 6, § 28 states:

"All final decisions, findings, rulings and orders of any admin-
istrative officer or agency existing under the constitution or by
law, which are judicial or quasi-judicial and affect private rights
or licenses, shall be subject to direct review by the courts as
provided by law. This review shall include, as a minimum, the
determination whether such final decisions, findings, rulings and
orders are authorized by law; and, in cases in which a hearing is
required, whether the same are supported by competent, material
and substantial evidence on the whole record."

CLS 1961, § 600.631 (Stat Ann 1962 Rev § 27A.631) states:

"An appeal shall lie from any order, decision or opinion of any
state board, commission or agency, authorized under the laws of

Thus, since the board of education renders the final opinion in probationary teacher cases, its decision may be subject to a direct appeal to the circuit court. However, where an agency acts within the scope of its authority, and its action is neither unreasonable nor arbitrary, there is no basis for judicial interference. *Evans* v *United States Rubber Company* (1967), 379 Mich 457. It is only when an agency has abused its discretion by arbitrary action that the courts will interfere. (*Salowitz* v. *State Board of Registration in Medicine* [1938], 285 Mich 214.) In relation to board of education decisions the Michigan Supreme Court has established standards for review by the circuit court.

*Finch v. Fractional School District No. 1 of Vassar and No. 2 of Tuscola* (1924), 225 Mich 674, held that all " * * * finding[s] and determination[s] of the board are conclusive unless the board acted corruptly, in bad faith, or in clear abuse of its powers." The basic purpose of the teachers' tenure act is to protect teachers from arbitrary and unreasonable dismissals. *Rehberg* v. *Board of Education of Melvindale, Ecorse School District No. 11, Wayne County* (1951), 330 Mich 541.

In the present case the grounds for plaintiff's dismissal from employment were absences from duty without properly reporting these absences; tardiness; and falsifying sign-in time. The circuit court concluded that the board's action was authorized by law. Plaintiff did not allege in his pleadings that this action was arbitrary, unreasonable, or beyond

this state to promulgate rules and regulations from which an appeal or other judicial review has not heretofore been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, and such circuit court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in the same manner as appeals are made from justice courts, except that no appeal bond is required."

the scope of the board's authority. He did allege that his suspension was "without adequate cause or reason". However, the board's decision was a final dismissal from duty, not a suspension.

The circuit court correctly decided that the dismissal of the plaintiff was within the defendant board's statutory authority. (CL 1948, § 340.66 as amended by PA 1966, No 254 [Stat Ann 1968 Rev § 15.3066] and CLS 1961, § 340.967 [Stat Ann 1968 Rev § 15.3967]). Where an agency acts within the scope of its authority, and its action is neither unreasonable nor arbitrary, there is no basis for judicial review. *Evans* v. *United States Rubber Company* (1967), *supra*. Here there was no allegation that the board acted corruptly, in bad faith, or in clear abuse of its powers. *Finch* v. *Fractional School District No. 1 of Vassar and No. 2 of Tuscola* (1924), *supra*. The circuit court found adequate cause and sufficient reasons were given for this dismissal and thus correctly granted the school board's motion for summary judgment.[5]

Plaintiff is entitled to be paid wages from the date of his suspension to the date of termination of his employment. CL 1948, § 38.103 (Stat Ann 1968 Rev § 15.2003).

Affirmed, with modifications as set forth above. No costs, neither side having prevailed in full.

---

[5] Plaintiff pleads, in the alternative, that should this Court find that the circuit court was correct in deciding the school board did have reasonable grounds for the discharge he should be allowed to amend his pleadings under GCR 1963, 118.

GCR 1963, 118 does not allow the amendment of a pleading by a party to a lawsuit at all times. It specifically limits amendment of pleadings to 1) as a matter of right at any time before or within 15 days after a responsive pleading is served, and 2) otherwise only by leave of the court or by written consent of the adverse party. Plaintiff did not ask to amend within the 15-day period. He did not obtain defendant's consent or consent of the court to amend, and we will not under the circumstances of this case entertain such a motion in this Court.