SHIFFER v BOARD OF EDUCATION OF GIBRALTAR SCHOOL
DISTRICT

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—LOSS OF TENURE—
   STRIKE—STATUTES.
   A teacher does not forfeit all rights of tenure by participating in
   a strike by teachers, because the statute providing for forfeit-
   ure of tenure applies only when a teacher resigns without
   giving the required notice (MCLA 38.111).

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—DISMISSAL—TENURE
   COMMISSION—JURISDICTION.
   The Tenure Commission did not lack jurisdiction to review a
   school board's decision to dismiss a teacher even though the
   teacher failed to appeal within 30 days of dismissal where the
   school board had offered to hold a hearing, the teacher had
   demanded a hearing, but the school board never held one; on
   such facts the 30 days did not begin to run until it became
   apparent that no hearing would be held (MCLA 38.121).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—DISMISSAL—TENURE
   ACT—MITIGATION OF DAMAGES.
   A teacher who has tenure and who has been improperly sus-
   pended by a school board is entitled to all salary lost as a result
   of the suspension and has no duty to mitigate damages because
   the tenure act makes no specific reference to mitigation and
   there is nothing in the tenure act that would allow the Tenure
   Commission to consider the question of mitigation (MCLA
   38.103).

4. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—DISMISSAL—TENURE
   ACT—MITIGATION OF DAMAGES.
   Failure of the Legislature to require mitigation of damages by an
   improperly suspended teacher who has tenure does not place
   an undue hardship on a school board because the tenure act
   provides for rapid disposition of cases and the school board

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Schools § 138.
[2] 47 Am Jur, Schools §§ 139, 140.
[3, 4] 47 Am Jur, Schools § 145.

need only comply with the act to avoid hardship (MCLA 38.71 *et seq.).*

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 December 6, 1972, at Lansing., (Docket No. 13439.) Decided February 22, 1973. Leave to appeal granted, 390 Mich 774.

George Shiffer sought review of action of the Board of Education of Gibralter School District in terminating his services as a teacher. The State Tenure Commission ordered that plaintiff be reinstated with back pay. Defendant appealed. Ingham County Circuit Court affirmed the order. Defendant appeals. Affirmed.

*Craig, Fieger & Golden,* for plaintiff.

*Logan & Huchla* (by *Raymond A. Charron),* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and DANHOF, JJ.

DANHOF, J. In September of 1968 the plaintiff was a tenure teacher in the employ of defendant board of education. Negotiations between the teachers and the board of education broke down, and from November 13 to December 26, the teachers, including the plaintiff, were on strike. The defendant board took the position that by striking the teachers had forfeited their rights to tenure and so notified them.

Like the other teachers, the plaintiff returned to work on December 26. On March 12, 1969, the plaintiff was suspended by the superintendent of the school district because of alleged acts of misconduct in February and March. On April 7, 1969, the board of education adopted a resolution dismissing the plaintiff. The board did not give the

plaintiff written notice of the charges against him, nor did it afford him a hearing before dismissing him. The board did offer a hearing after dismissal had taken place, but no date was ever set and no hearing was ever held.

The plaintiff appealed to the Tenure Commission which ordered his reinstatement with back pay. Defendant appealed to the circuit court which affirmed the order of the Tenure Commission. The defendant has appealed to this Court. We affirm.

Defendant contends that the plaintiff is not entitled to the procedural safeguards of the tenure act because he forfeited all rights of tenure by striking. This claim is based on MCLA 38.111; MSA 15.2011, which reads:

"No teacher on continuing tenure shall discontinue his services with any controlling board except by mutual consent, without giving a written notice to said controlling board at least 60 days before September first of the ensuing school year. Any teacher discontinuing his services in any other manner than as provided in this section shall forfeit his rights to continuing tenure previously acquired under this act."

We hold here, as we did in *Rumph v Wayne Community School Dist,* 31 Mich App 555 (1971), that the statute applies only when a teacher resigns without giving the required 60 days notice.

The defendant next contends that the Tenure Commission lacked jurisdiction because the plaintiff had not appealed the board's decision within 30 days as required by MCLA 38.121; MSA 15.2021. The Tenure Commission found that the board had offered to hold a hearing and that the plaintiff had demanded a hearing. The commission further found that after this the board had not held a hearing. These findings of fact are supported by the record and we will not disturb them. On the

facts of this case the commission was correct in ruling that the 30 days did not begin to run until it became apparent that no hearing would be held. To hold otherwise would allow the defendant to void the protection of the tenure act by its own wrongdoing.

Defendant's final contention is that the plaintiff has a duty to mitigate damages. The circuit court held that rights under the tenure act are separate and apart from common-law theories, and that there is no duty to mitigate damages under the tenure act. The plaintiff contends that there is no duty to mitigate relying on MCLA 38.103; MSA 15.2003, which reads:

> "On the filing of charges in accordance with this section, the controlling board may suspend the accused teacher from active performance of duty until a decision is rendered by the controlling board, but the teacher's salary shall continue during such suspension: *Provided, That if the decision of the controlling board is appealed and the tenure commission reverses the decision of the controlling board, the teacher shall be entitled to all salary lost as a result of such suspension.*" (Emphasis added.)

Were this a common-law breach of contract action we would hold that there is duty to mitigate. *Edgecomb v Traverse City School Dist,* 341 Mich 106 (1954); *Farell v School Dist No 2 of Rubicon Twp,* 98 Mich 43 (1893). See also Annotation, Elements and Measure of Damages in Action by School Teacher for Wrongful Discharge, 22 ALR3d 1047. However, we believe that the tenure act requires a different result. The Tenure Commission is a creature of statute and has only the powers given to it by the statute. The tenure act makes no specific reference to mitigation. The language of the statute is "shall be entitled to all

salary lost". This can only refer to the salary that would be due to the teacher had the board seen fit to allow him to continue teaching. The statute does not say all damages or all salary minus such other income as was or could reasonably be earned by other employment. Had the Legislature entrusted tenure cases to a court we would be inclined to hold that it intended that the ordinary rules regarding mitigation applied. However, the Legislature has assigned tenure cases to the Tenure Commission. We find nothing in the tenure act that would allow the commission to consider the question of mitigation. Since our function and that of the circuit court is to review the decisions of the Tenure Commission, the question of mitigation cannot be raised for the first time in the circuit court.

Moreover, the structure of the act indicates that the Legislature did not intend that the Tenure Commission consider the issue of mitigation. The tenure act contemplates a rapid disposition of cases where ordinarily no substantial mitigation question could arise. The local board is required to hold a hearing within 45 days after charges are filed. MCLA 38.102; MSA 15.2002. The teacher must appeal within 30 days and the commission must hold a hearing within 60 days after the date of appeal. MCLA 38.121; MSA 15.2021. The commission must render a decision within 15 days after the termination of the hearing. MCLA 38.104; MSA 15.2004. Under these time limits it is unlikely that a substantial mitigation question would arise even under common-law rules. Allowing the issue of mitigation to be raised would add an obstacle to the rapid termination of the case and the Legislature has clearly intended that tenure cases be disposed of as expeditiously as possi-

ble. Another indication of the legislative intent to hold the number of issues litigated down to a minimum is the fact that the Tenure Commission has not been given the authority to award a teacher incidental damages, something which he would be entitled to in a common-law breach of contract action.

After the decision of the Tenure Commission the plaintiff was a tenured teacher. As such he was entitled to a teaching position and the salary due for that position. Defendant board could have reemployed the plaintiff while continuing their appeal. They chose not to do so, so they cannot now be heard to complain.

The failure of the Legislature to require mitigation of damages does not place an undue hardship on a school board. The tenure act provides for the rapid disposition of cases and to avoid hardship the board need only comply with the act.[1]

Affirmed.

All concurred.

---

[1] Cases such as *Weckerly v Mona Shores Board of Education,* 388 Mich 731 (1972), should make it clear that strict adherence to the statute is required. A great deal of litigation could be avoided or simplified if the school boards would act in strict compliance with the act.