POUNDER v HARPER WOODS BOARD OF EDUCATION

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—SCHOOL
   BOARDS—EMPLOYMENT—ARBITRARY AND UNREASONABLE DIS-
   MISSALS—STATUTES.

   The teachers' tenure act is designed to eliminate capricious
   employment practices by school boards and to protect teachers
   from arbitrary and unreasonable dismissals.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—DISCOV-
   ERY—POWER TO SUBPOENA—EVIDENCE—WITNESSES—CONTEMPT.

   The teachers' tenure act grants the controlling board of education
   power to subpoena witnesses and evidence, with circuit court
   assistance if necessary, even authorizing charges of contempt
   for refusal of a witness to appear and testify, but the law does
   not permit teacher discovery to compel attendance of witnesses
   for purposes of defense other than by a request to the board to
   issue subpoenas (MCLA 38.104[g]; MSA 15.2004[g]).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—DISCOV-
   ERY—SUBPOENAS.

   The teachers' tenure act does not provide for teacher discovery;
   therefore, requests to the controlling board of education for
   subpoenas to enable a teacher to present his case should be
   liberally granted.

4. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—DISCOV-
   ERY—WITNESSES—DISCRETION OF SCHOOL BOARD—DUE PROCESS
   —SUBPOENAS—DEFENSE TO CHARGES.

   The teachers' tenure act allows discretion by the board of educa-
   tion as to whom a tenured teacher can call as a witness; this
   could deny a teacher a full defense and violates due process,
   which requires that a teacher be reasonably unrestricted in
   subpoenaing witnesses as part of the defense to charges.

5. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—WIT-
   NESSES—CRUCIAL TESTIMONY AND RECORDS.

   A controlling school board's failure, under the teachers' tenure

REFERENCE FOR POINTS IN HEADNOTES
[1–7] 68 Am Jur 2d, § 208 *et seq.*

act, to subpoena a witness is error where the teacher's request is made in advance, and the testimony and records are crucial to the resolution of the case.

6. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—WRONG-FUL DISCHARGE OR SUSPENSION—SUBSTANTIAL DEFECTS—PROCE-DURAL ERROR—REINSTATEMENT—BACK PAY.

A teacher's reinstatement under the teachers' tenure act for wrongful discharge or suspension is usually with back pay and done by reversing the controlling board's decision and correcting the error by ordering reinstatement through reversal; this occurs where there is a very substantial blatant defect which renders the steps taken by the board so tainted by the extreme procedural error as to render the discharge completely invalid.

7. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—IM-PROPER TEACHER DISCHARGE—REMAND—BACK PAY.

Justice demands that the discharge of a teacher, under the teachers' tenure act, resulting from an improper teacher-board of education hearing be vacated and the case remanded for supplementation of the record with benefits accorded to the suspended teacher until such time as a new and proper hearing can be held.

Appeal from Wayne, Thomas J. Brennan, J. Submitted November 3, 1976, at Detroit. (Docket No. 26364.) Decided December 9, 1976. Leave to appeal applied for.

Dorothy Pounder was discharged from her employment by the Harper Woods Board of Education. She appealed to the Teachers' Tenure Commission. The Teachers' Tenure Commission ordered reinstatement and payment of back wages. The board of education appealed to the circuit court, which upheld the commission's finding of denial of due process, but denied reinstatement and back wages. Plaintiff appeals, and defendant cross-appeals. Affirmed in part, reversed in part and remanded.

*Fieger, Golden & Cousens* (by *Gayle S. Boesky* and *Joseph A. Golden),* for plaintiff.

*LaBarge, Zatkoff & Dinning, P. C.,* for defendant.

Before: R. M. MAHER, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, J. Plaintiff was suspended from her position as a physical education instructor in the employ of defendant board of education. After a hearing conducted by the defendant board of education, plaintiff was discharged. Plaintiff then appealed to the Michigan Teachers' Tenure Commission. On October 28, 1974, the commission reversed the school board and held that plaintiff was entitled to an award of all salary lost. The rationale for the commission's decision was that the board's refusal to honor plaintiff's request to subpoena a doctor, who at the request and direction of the defendant board had examined plaintiff, constituted a denial of due process and violation of MCLA 38.104(g); MSA 15.2004(g). The commission's determination was appealed to the Wayne County Circuit Court. The court upheld the commission's decision that Mrs. Pounder had been denied due process. The court, however, remanded the case back to the controlling board to take testimony from the doctor. Mrs. Pounder was also denied reinstatement and back pay. From this decision, Mrs. Pounder appeals and the school board cross-appeals.

At the time of this controversy, plaintiff was a tenured teacher with over 20 years experience in the Harper Woods School District. Her primary position was as a secondary school girls' physical education instructor. No one seriously contended that plaintiff was not a qualified teacher and any question concerning her qualification is not before us. In 1973 she experienced some sort of an ongoing illness. She continued to teach but also sought

medical treatment. She was unable to obtain any diagnosis for her illness. Plaintiff felt that her condition was deteriorating and she began to have difficulty with her employment. She requested a leave to obtain an elementary teaching certificate. Apparently she had no intention to acquire such a certificate, but because there was no sick leave provision in the collective bargaining agreement, she felt this was the only way to get time off without jeopardizing her employment. This leave was denied. Thereafter, plaintiff was absent from her job for 22 consecutive days during the fall of 1973.

Some time during this period of absence, plaintiff was notified by the school superintendent either to report back to work or supply medical documentation to verify that she was unable to work. Because she failed to do either, she was suspended by the board for insubordination on November 26, 1973. Plaintiff contends she did not receive this letter and, furthermore, that she was in contact by phone every week with the school and had reported on her condition.

At the request of the school board, Mrs. Pounder then went into a hospital in December of 1973 and was examined by a board-appointed physician, Dr. Rival. The doctor submitted a written evaluation to the board on December 19, 1973. Mrs. Pounder saw the doctor on December 19th and was told she was suffering extreme anemia. The doctor prescribed medication and, according to Mrs. Pounder, suggested she be hospitalized for tests. This information was not included in the letter submitted to the superintendent of schools.

On February 5, 1974, the board of education held a hearing to consider the charges against Mrs. Pounder. Prior to the hearing, Mrs. Pounder

had requested that the school board subpoena her records and reports from the hospital. This request was honored by the board. However, the attending physician, Dr. Rival, did not appear at the hearing. At the hearing, the board admitted into evidence, over an objection, the letter report from Dr. Rival to the board. The board refused an oral request to subpoena the doctor which was made by plaintiff at that time. This hearing was concluded the following week. The school board then voted to discharge Mrs. Pounder and on February 14, 1974, issued its written decision.

The instant case has many of the attributes of most typical civil disputes between two parties, where neither party was completely at fault and neither party free of blame. It certainly appears that Mrs. Pounder had a genuine belief that she was quite ill and that something was seriously wrong with her. Nevertheless, she failed to fully cooperate with the school board's request to return to work or supply medical documentation of her illness. She failed to open a registered letter addressed to her from the board which contained this request. Fortunately, medical treatment from various sources has apparently improved her health.

The board, on the other hand, has a school system to run and is entrusted with supervising the education of hundreds of children. This is a tremendous responsibility. Plaintiff's failure to fully cooperate with the school board certainly caused difficulty in administering a physical education program in the school. Nevertheless, the board took an extremely strict approach to her problem. They did not allow sympathy or compassion to obscure their decision with regard to Mrs. Pounder. It appears that the board and the school administration could have been a little more sym-

pathetic and could have given Mrs. Pounder more assistance. In spite of these factual issues, however, our decision will involve the resolution of legal issues. These factual problems remain to be resolved at a future hearing. The greatest problem facing us is the difficulty of determining the appropriate remedy herein.

Both the teachers' tenure commission and the circuit court held that it was error for defendant board to refuse plaintiff's request to subpoena the physician selected by the board to examine Mrs. Pounder. This witness was a key witness in the instant case. Although the question involved was whether plaintiff committed acts of "insubordination" the trial court accurately recognized that "the critical issue and, indeed, the only issue in this case is: Was the appellee too ill to work?". We also agree with the trial court that the record clearly indicates that the doctor's report was considered by the board in rendering their decision.[1] We also agree that admission of this report, and denial of plaintiff's request to subpoena the doctor in order to cross-examine him as to the contents of the report was error. We do feel that the ultimate issue which should decide this case is the state of defendant's health. That question is not before us, however.

The provision of the Teachers' Tenure Act which we are most concerned with is MCLA 38.104(g); MSA 15.2004(g), which provides:

"The controlling board shall have the power to sub-

---

[1] The school board expressly found Mrs. Pounder's absence was "without proof of any verifiable evidence of a physical incapacitating illness, she having never submitted any evidence of such illness, she having been advised by a doctor [the doctor who was the subject of the controversy herein] to return to work, but indicated she did not feel inclined so to do and rejected his evaluation and suggestion to return to work; she was never advised by any of the seven doctors she consulted that she had a basis for not returning to work".

poena witnesses and documentary evidence, and shall do so on its own motion or at the request of the teacher against whom charges have been made. If any person shall refuse to appear and testify in answer to any subpoena issued by the controlling board, such controlling board may petition the circuit court of the county setting forth the facts which court shall thereupon issue its subpoena commanding such person to appear before the controlling board there to testify as to the matters being inquired into. Any failure to obey such order of the court may be punished by such court as contempt thereof."

To properly consider this section, we must keep in mind the purpose of the Teachers' Tenure Act. This act was designed to eliminate capricious employment practices by school boards and to protect teachers from arbitrary and unreasonable dismissals. *Wilson v Flint Board of Education,* 361 Mich 691; 106 NW2d 136 (1960). See also *Caddell v Ecorse Board of Education,* 17 Mich App 632; 170 NW2d 277 (1969), *Freiberg v Board of Education of Big Bay De Noc School Dist,* 61 Mich App 404; 232 NW2d 718 (1975). The act does not provide for discovery and accordingly requests for subpoenas to enable a teacher to present his case should be liberally granted. We agree with the following statement by the tenure commission in this case:

"MCLA 38.104(g) [MSA 15.2004(g)] grants the controlling board the power to subpoena witnesses on its own motion or at the request of the charged teacher. Here the board received a request to subpoena a key witness, the examining physician. The tenure law does not permit the teacher to compel attendance of witnesses needed to present an appropriate defense to file charges in a manner other than to request the board to issue such subpoena.

"Clearly, if the board of education is permitted to exercise discretion as to whom the tenure teacher is to

call as a witness, then such board may deny the teacher a full defense. Due process necessarily requires that the teacher be reasonably unrestricted in subpoenaing witnesses as part of the defense of the charges. We think that the law was violated by the board in failing to hear the Appellant's request to subpoena an important witness."

Particularly under the facts in the instant case, the subpoena should have been issued.[2] The testimony of the doctor was crucial to the resolution of this case. Furthermore, plaintiff had requested these records in advance. Plaintiff's counsel indicated that he naturally assumed that production of the maker of the letter-report, the doctor who examined Mrs. Pounder, would follow from a request for these records. Furthermore, introduction of the letter-report without an opportunity to cross-examine the physician was error. This introduction was not justified as a business record. *In re Sachs' Estate,* 254 Mich 358; 236 NW 805 (1931), *Job v Grand Trunk Western R Co,* 245 Mich 353; 222 NW 723 (1929). Our most difficult question concerns what effect the failure to allow plaintiff to have a proper opportunity to produce and cross-examine this doctor has on the outcome of this case. We do not know what Dr. Rival will testify to, nevertheless, his testimony is of paramount importance in the instant case.

The usual remedy for wrongful discharge or suspension is reinstatement with back pay. *Shiffer v Board of Education of Gibralter School District,* 45 Mich App 190; 206 NW2d 250 (1973), *rev'd on other grounds,* 393 Mich 190; 224 NW2d 255 (1974). Usually, this is done by reversing the decision below and correcting the error by ordering

---

[2] We agree with the trial court who found that there was no evidence that the request to subpoena Dr. Rival was "a delaying or dilatory tactic".

reinstatement through the reversal. *Lawson v Wayne Community School District,* 63 Mich App 57; 233 NW2d 713 (1975), *Rockwell v Crestwood School District Board of Education,* 57 Mich App 636; 226 NW2d 596, *rev'd on other grounds,* 393 Mich 616; 227 NW2d 736 (1975). However, in these cases, the defect was generally a very substantial blatant defect which obviously rendered the steps taken by the board so tainted by the extreme procedural error so as to render the discharge completely invalid. However, in the instant case a hearing was held, accompanied by proper notice and representation, and according to the general dictates of due process. A dispute arose as to the evidence to be admitted and as to the opportunity to fully and properly explore on cross-examination the details of the medical report. Cure of this error is simple, and fair, and justice will be done by ordering a remand and supplementation of the record through the testimony of Dr. Rival. The Administrative Procedures Act[3] is applicable here. *Luther v Board of Education of the Alpena Public Schools,* 62 Mich App 32; 233 NW2d 173 (1975),[4] *Aljuni v West Bloomfield School District Board of Education,* 59 Mich App 213; 229 NW2d 385

[3] MCLA 24.201, *et seq.;* MSA 3.560(101), *et seq.;* 1969 PA 306.

[4] *Luther* at 36–37; 233 NW2d at 176, describes the appropriate review standards:

"We also think that the commission's opinion is deficient because it fails to make any evidentiary findings. Under the Administrative Procedures Act, final decisions of agencies must contain findings of fact and conclusions of law. MCLA 24.285; MSA 3.560(185). If such findings are not in the record, this Court is required to reverse. MCLA 24.306; MSA 3.560(206).

"Policy also dictates that findings of fact and law be included in the record. When a court reviews the decision of an agency 'Our only function in a case like this is to determine from the record whether proof received by the board, or the commission, or both, supports findings on which (the commission) has decided'." (Footnotes omitted.) The tenure commission was correct in its finding of law and fact and should have been upheld by the trial court.

(1975), *rev'd on other grounds,* 397 Mich 462; 245 NW2d 49 (1976). The APA expressly provides: "The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings." MCLA 24.306(2); MSA 3.560(206)(2).

The mistake made in the hearing before the board of education, although apparently made in good faith, resulted in the hearing which was improper. Justice demands that the discharge resulting from such a hearing be vacated. Therefore, we agree with the tenure commission and the court below that the resulting discharge was improper. We determine that plaintiff, Mrs. Pounder, remain suspended and is therefore entitled to the benefits accorded a teacher on suspension until such time as a new and proper hearing can be held. MCLA 38.103; MSA 15.2003, expressly provides:

"On the filing of charges in accordance with this section, the controlling board may suspend the accused teacher from active performance of duty until a decision is rendered by the controlling board, but the teacher's salary shall continue during such suspension: Provided, That if the decision of the controlling board is appealed and the tenure commission reverses the decision of the controlling board, the teacher shall be entitled to all salary lost as a result of such suspension."

See *Beebee v Haslett Public Schools,* 66 Mich App 718; 239 NW2d 724 (1976), *lv applied for.* Therefore, we determine that the tenure commission's decision was proper and should have been upheld in its entirety. By express statutory language, a suspended teacher is entitled to be paid until such time as an entirely legal and proper hearing is

held. The trial court had no authority to ignore that language and determine that plaintiff was not entitled to salary during suspension. We affirm the trial court as to the remand and reverse the ruling that the plaintiff was not entitled to her pay during the suspension, and we remand for further proceedings consistent with this opinion. Costs to plaintiff.