POUNDER v HARPER WOODS BOARD OF EDUCATION

Docket No. 59366. Decided December 19, 1977. On application for leave to appeal the Supreme Court, in lieu of granting leave to appeal, modified the judgment of the Court of Appeals. Rehearing denied 402 Mich 961.

Dorothy Pounder, a tenured teacher, was discharged from her employment after a hearing by the Harper Woods Board of Education for failing to report to work. The State Tenure Commission reversed the decision of the school board and awarded plaintiff back pay on the ground that refusal to grant the plaintiff's request to subpoena a witness constituted a denial of due process and violated the teachers' tenure act. The Wayne Circuit Court, Thomas J. Brennan, J., remanded to the school board to hear testimony from the witness. The Court of Appeals, R. M. Maher, P. J., and D. E. Holbrook and N. J. Kaufman, JJ., modified the judgment of the circuit court to award the plaintiff back pay (Docket No. 59366). Defendant appeals. *Held:*

A teacher is entitled to salary during a period of suspension, but the suspension ends when the school board renders a decision. The teachers' tenure statute does not address the question whether salary must be paid during the pendency of appeals but the Legislature could not have intended to award salary to a teacher who has not yet prevailed on the merits and whose discharge was reversed on procedural grounds subject to correction on remand without a rehearing, which would be at odds with the rule of compensation for actual loss suffered and with the policy of deferring determination of the amount of back pay until there has been a ruling on liability. The award of salary in the instant case was premature.

The judgment of the Court of Appeals is modified as to the award of back pay.

Justice Williams, joined by Justice Blair Moody, Jr., dissented on the issue of back pay. The plaintiff's status, after reversal by the State Tenure Commission, was that of a suspended teacher, because the school board's decision to discharge had been reversed but she had not been reinstated, and under the statute she is entitled to salary during the period of suspension. The plain meaning of the language used in the

statute requires that the teacher be paid until there is a proper hearing. The statute provides that if the State Tenure Commission reverses the board, the teacher is entitled to all salary lost as a result of suspension, and does not distinguish between reversals based on procedural errors and those predicated on substantive errors. Procedural errors delay the final resolution of cases and impose financial hardships on teachers left in limbo for substantial periods of time. Until there is a proper hearing the status of the plaintiff is that of a suspended teacher and by the plain meaning of the statute she was entitled to her salary. He would affirm the order requiring payment of salary until a decision is rendered by the school board following a new hearing.

72 Mich App 717; 250 NW2d 504 (1976) modified.

*Fieger, Golden & Cousens* (by *Gayle S. Boesky)* for plaintiff.

*LaBarge, Zatkoff & Dinning, P. C.,* for defendant.

PER CURIAM. The plaintiff was suspended from her position as a physical education instructor for failing to report for work for approximately one month. Following a hearing before the defendant school board, the plaintiff was discharged. The teachers' tenure commission reversed on the grounds that the school board's refusal to grant the plaintiff's last-minute request to subpoena a doctor whose report was in evidence constituted a denial of due process and violated MCLA 38.104(g); MSA 15.2004(g). The commission awarded "all salary lost" to the plaintiff. The defendant appealed to the Wayne Circuit Court, which upheld the commission's decision that the plaintiff was denied due process because of the failure to subpoena the doctor. However, the court found the error correctable and remanded the case to the board to hear testimony from the doctor. Back pay was denied.

The Court of Appeals affirmed the order of

remand,[1] but reversed the ruling on payment of salary. The Court characterized the plaintiff's status as that of a suspended teacher and held that "[b]y express statutory language, a suspended teacher is entitled to be paid until such time as an entirely legal and proper hearing is held". 72 Mich App 717, 726–727; 250 NW2d 504 (1976).

We disagree with that interpretation of MCLA 38.103; MSA 15.2003, which provides,

"On the filing of charges in accordance with this section, the controlling board may suspend the accused teacher from active performance of duty until a decision is rendered by the controlling board, but the teacher's salary shall continue during such suspension: Provided, That if the decision of the controlling board is appealed and the tenure commission reverses the decision of the controlling board, the teacher shall be entitled to all salary lost as a result of such suspension."

A teacher is entitled to salary during the period of suspension, but the suspension ends when the school board renders a decision. The statute does not address the question whether salary must be paid during the pendency of appeals from board or commission rulings.

We do not impute to the Legislature an intent to award salary to a teacher who has not yet prevailed on the merits and whose discharge was vacated on procedural grounds, subject to correction on remand without a rehearing. Under such a construction of the statute, interlocutory rulings on procedural errors would result in windfalls to teachers who later lose on the merits. Teachers who prevail on the merits are entitled to no more

---

[1] Upon remand, the school board convened a further hearing at which the doctor appeared and testified. The board again decided to terminate plaintiff's employment.

than the actual economic loss suffered. *Shiffer v Board of Education of Gibraltar School District,* 393 Mich 190; 224 NW2d 255 (1974). The awarding of salary to a teacher who has not yet prevailed on the merits and whose discharge was reversed on procedural grounds is at odds with the rule of compensation for actual loss suffered. Moreover, the practice of awarding salary at this stage conflicts with the policy of deferring determination of the amount of back pay until after there has been a definitive ruling on liability. See *Shiffer v Gibraltar Schools, supra,* 207–209.

The award of salary here was premature. The commission reversed the board decision on procedural grounds and the lower courts have ruled that the record be supplemented. If it is ultimately determined that the discharge was wrongful and the plaintiff is reinstated, she would then be entitled to an award of back pay. Until the discharged teacher prevails on the merits, back pay for the time required for appeals and new hearings on remand may not be awarded.

The application for leave to appeal is considered and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we affirm the Court of Appeals remand order and reverse its ruling that the plaintiff be paid salary until the ordered hearing is held.

KAVANAGH, C. J., and LEVIN, COLEMAN, FITZGERALD, and RYAN, JJ., concurred.

WILLIAMS, J. *(dissenting in part).* The plaintiff was suspended from her teaching position for failing to report for work. She claimed her absence was due to medical problems. Her request to have a doctor subpoenaed to appear at the hearing before the defendant school board was denied. The

board's decision to discharge her was reversed by
the teacher's tenure commission on the basis that
she was denied due process of the law because "the
law was violated by the board in failing to hear
the appellant's [plaintiff's] request to subpoena an
important witness". The tenure commission also
awarded the plaintiff all salary lost.

The circuit court and the Court of Appeals
agreed that the board's refusal to subpoena the
doctor was error requiring a new hearing. How-
ever, the circuit court vacated the tenure commis-
sion's ruling and remanded for further proceeding
before the board without requiring the payment of
back salary. The Court of Appeals found "that the
tenure commission's decision was proper and
should have been upheld in its entirety. By ex-
press statutory language, a suspended teacher is
entitled to be paid until such time as an entirely
legal and proper hearing is held". 72 Mich App
717, 726–727; 250 NW2d 504 (1976).

The plaintiff's status, after reversal by the ten-
ure commission, was that of a suspended teacher.
The school board's decision to discharge had been
reversed, but she had not been reinstated. She was
entitled to salary during this period of suspension
under MCLA 38.103; MSA 15.2003:

"On the filing of charges in accordance with this
section, the controlling board may suspend the accused
teacher from active performance of duty until a deci-
sion is rendered by the controlling board, but the teach-
er's salary shall continue during such suspension: Pro-
vided, That if the decision of the controlling board is
appealed and the tenure commission reverses the deci-
sion of the controlling board, the teacher shall be
entitled to all salary lost as a result of such suspen-
sion."

The statute states that the board may suspend a

teacher until it renders a decision and that the teacher's salary shall continue during "such suspension". The proviso in the statute states that if the tenure commission reverses the board, the teacher is entitled to all salary lost "as a result of such suspension". The statute refers to both the period (1) before a board decision and (2) that preceding and following a reversal of a board decision as suspensions. The plain meaning of the language used in the statute requires the teacher to be paid until there is a proper hearing. There was not a proper hearing.

The fact that the board decision was reversed on procedural grounds does not affect the teacher's status. Until a board decision following a proper hearing is made, the teacher is entitled to salary. The statute does not distinguish between reversals based on procedural errors and those predicated on substantive errors. We decline to read such a distinction into the statute. Such an interpretation would conflict with the policy of strict compliance with the procedural requirements of the teachers' tenure act and commit a substantial injustice to the integrity of the act.

A teacher's attempt to prevail on the substantive issues may be stymied by improper procedures in the hearing before the board. Procedural errors delay the final resolution of cases and impose financial hardships on teachers left in limbo for substantial periods of time. The hardship to teachers without salaries during these periods of suspension is only partially remedied by later awards of back pay. Compliance with the requirements of the teachers' tenure act is, therefore, essential.

We decide only that until there is a proper hearing the status of the plaintiff was that of a suspended teacher and by the plain meaning of

the statute, MCLA 38.103; MSA 15.2003, she was entitled to her salary.

We concur in the affirmance of the order remanding the case for a new hearing, but dissent from the decision to deny payment of salary until the plaintiff prevails on the merits.

BLAIR MOODY, JR., J., concurred with WILLIAMS, J.