BIRDSEY v GRAND BLANC COMMUNITY SCHOOLS

Docket No. 65526. Submitted June 14, 1983, at Lansing.—Decided December 5, 1983.

Mark I. Birdsey, a 17-year-old student at Grand Blanc High School, was seen passing what appeared to be a cigarette to another student. The assistant principal of the school questioned the two students and requested that they accompany him to his office. Along the way, Birdsey dropped a plastic bag containing 21 hand-made cigarettes. Upon further questioning, Birdsey admitted both orally and in a signed statement that the cigarettes contained marijuana and that he intended to sell the cigarette he was handing to the other student for one dollar. The transaction had been interrupted before any money changed hands. Birdsey was temporarily suspended for an indefinite period pending investigation of the incident. The Grand Blanc School Board held a hearing on the matter, after which Birdsey was ordered permanently expelled by unanimous resolution of the board. Birdsey and his father, Orvel Birdsey, filed suit against the Grand Blanc Community Schools in Genesee Circuit Court and were immediately granted a temporary restraining order restraining the school district from implementing the board's resolution, Ollie B. Bivens, Jr., J. After a show cause hearing, which the parties agreed would also serve as the full evidentiary hearing on the merits, the court continued the temporary restraining order in the form of a permanent injunction. Defendant appeals that order. *Held:*

1. The trial court erred by excluding on *Miranda* grounds

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21A Am Jur 2d, Criminal Law § 791 *et seq.*

29 Am Jur 2d, Evidence § 555 *et seq.*

Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation 10 ALR3d 1054.

[3, 4] 68 Am Jur 2d, Schools § 52.

[3] 2 Am Jur 2d, Administrative Law §§ 657 *et seq.,* 683.

[4] *68 Am Jur 2d, Schools § 55.*

[5] 68 Am Jur 2d, Schools § 269 *et seq.*

Right of student to hearing on charges before suspension or expulsion from educational institution. 58 ALR2d 903.

Mark Birdsey's written statement. A statement taken without benefit of *Miranda* warnings is not barred from evidence in a civil proceeding.

2. The record contains sufficient evidence to support the school board's finding that the cigarettes contained marijuana. The trial court erred in finding the evidence insufficient to support the board's resolution calling for Mark Birdsey's permanent expulsion from school.

3. The trial court erred in concluding that proof of tender of payment was required to support the charge of sale of a marijuana cigarette.

4. Plaintiffs were not deprived of their due process rights to notice and hearing prior to the board's recommendation of expulsion.

5. The trial court erred in concluding that permanent expulsion was too severe a punishment to impose on Mark Birdsey.

Reversed.

1. EVIDENCE — STATEMENTS — *MIRANDA* RULE — CIVIL PROCEEDINGS.
A statement taken without benefit of *Miranda* warnings is not barred from evidence in a civil proceeding.

2. CONSTITUTIONAL LAW — FIFTH AMENDMENT — *MIRANDA* RULE.
The *Miranda* rule is not a constitutional right but, rather, a procedural safeguard designed to protect an individual's Fifth Amendment privilege against self-incrimination (US Const, Am V).

3. APPEAL — ADMINISTRATIVE LAW — FINDINGS OF FACT — SCHOOL BOARDS.
Courts are bound by factual findings of administrative agencies, including school boards, if there is competent, material and substantial evidence to support them (Const 1963, art 6, § 28).

4. SCHOOLS — RULES AND REGULATIONS — COURTS.
Courts must give great deference to a school administration's construction of its own rules and regulations.

5. SCHOOLS — SUSPENSION — EXPULSION — DUE PROCESS.
A student, prior to his or her temporary suspension from school, must be provided oral or written notice of the charge, an explanation of the evidence relied upon by the school authorities in moving ahead with disciplinary action and, where the student offers a different version of the facts, an opportunity to be heard; where permanent expulsion rather than a temporary

suspension is involved, a student's due process rights may require the enforcement of more stringent protections.

*Robert J. White,* for plaintiffs.

*Bellairs, Dean, Cooley & Siler* (by *John P. Siler),* for defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and R. I. COOPER,* JJ.

M. J. KELLY, P.J. Defendant appeals as of right from a permanent injunction preventing the enforcement of a Grand Blanc School Board resolution calling for the expulsion of Mark Birdsey (hereinafter referred to as plaintiff) from Grand Blanc High School. We find that the trial court erred in enjoining the enforcement of the board's resolution.

In the spring of 1982, an assistant principal at Grand Blanc High School observed plaintiff, then an 11th grade student, pass what appeared to be a cigarette to another student. The assistant principal stopped and questioned the two students and asked them to accompany him to his office. As they walked toward the office, plaintiff dropped a plastic bag containing 21 hand-made cigarettes.

Upon being questioned further in the assistant principal's office, plaintiff admitted both orally and in a signed statement that the passed cigarette and the cigarettes in the bag contained marijuana and that he intended to sell the passed cigarette to the other student for one dollar. The assistant principal had interrupted the transaction before any money was transferred.

Plaintiff was temporarily suspended from school that day for an indefinite period pending investiga-

* Circuit judge, sitting on the Court of Appeals by assignment.

tion of the incident. Following a hearing before the Grand Blanc School Board, plaintiff was ordered permanently expelled by unanimous resolution of the board. Plaintiff and his father, Orvel Birdsey, sought and were immediately granted a temporary restraining order in circuit court restraining the school district from implementing the board's resolution. After the show cause hearing, which the parties agreed would also serve as the full evidentiary hearing on the merits, the trial court continued the temporary restraining order in the form of a permanent injunction. Defendant now appeals that order. Plaintiffs have not filed a response brief.

We note that while there is some indication that plaintiff graduated from Grand Blanc High School during the pendency of this appeal, that suggestion, if true, is not a matter of record and we therefore do not consider a mootness issue. *Dora v Lesinski,* 351 Mich 579, 581; 88 NW2d 592 (1958); *Sutton v Cadillac Area Public Schools,* 117 Mich App 38, 40-41; 323 NW2d 582 (1982).

We further note that defendant has challenged the temporary restraining order issued in this case, citing several alleged procedural defects. We will not consider these issues on appeal due to the incompleteness of the record before us and because we believe that defendant's other issues are dispositive.

## I

Defendant contends that the trial court erred in excluding evidence of the written statement made by plaintiff to the assistant principal in which he admitted (1) that the passed cigarette and the cigarettes in the plastic bag contained marijuana and (2) that he intended to sell the passed ciga-

rette to the other student. The trial court did not specifically state on the record its reason for excluding plaintiff's written statement. Prior to the court's ruling, however, plaintiffs' counsel had objected to the statement on *Miranda* grounds. See *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). We assume the court's ruling was predicated on this objection.

Defendant does not dispute that plaintiff's statement was taken without benefit of the *Miranda* warnings. Rather, defendant contends that *Miranda* does not apply under these circumstances. We agree. A statement taken without benefit of *Miranda* warnings is not barred from evidence in a civil proceeding. The *Miranda* rule is not a constitutional right but, rather, a procedural safeguard designed to protect an individual's Fifth Amendment privilege against self-incrimination. US Const, Am V; *Miranda v Arizona, supra,* p 467; *Michigan v Tucker,* 417 US 433, 443-444; 94 S Ct 2357; 41 L Ed 2d 182 (1974). With few exceptions, a statement obtained without benefit of the *Miranda* warnings will not be admitted against its maker at his or her criminal prosecution. *Miranda v Arizona, supra,* p 444. Inasmuch as the evidentiary hearing conducted in this case was civil and not criminal in nature, the trial court erred in excluding plaintiff's written statement on *Miranda* grounds. Accord, *Betts v Chicago Bd of Ed,* 466 F2d 629 (CA 7, 1972); *Boynton v Casey,* 543 F Supp 995 (D Me, 1982).

II

The trial court noted, however, in its findings and opinion delivered from the bench, that even if plaintiff's written statement had been admitted at the evidentiary hearing, the evidence viewed as a

whole was insufficient to support the board's resolution calling for plaintiff's permanent expulsion from school. In particular, the trial court expressed dissatisfaction over the absence of any evidence corroborating the fact that the substance contained in the hand-made cigarettes was indeed marijuana. The trial court found that the admission of a 17-year-old boy was insufficient.

In *Wood v Strickland,* 420 US 308; 95 S Ct 992; 43 L Ed 2d 214 (1975), the Supreme Court considered a civil rights challenge to the Mena, Arkansas, school board's expulsion of two students from school for their use or possession of alcoholic beverages at a school function. The Court of Appeals had reversed the school board's order of expulsion finding that the board's ruling was not supported by sufficient evidence. The Supreme Court reversed the Court of Appeals on the ground that courts are bound by a school administration's factual findings where there is any evidence in the record to support them. 420 US 325. The only evidence introduced against the plaintiffs in *Wood v Strickland* to establish the nature of the substance poured into the punch served at a school function was their admissions that the substance was in fact malt liquor. The Supreme Court found this evidence to be sufficient.

We believe that the rationale applied in *Wood v Strickland* is well grounded. Moreover, the Michigan Constitution provides that in reviewing the factual findings of an administrative agency the courts of this state are bound by those findings if there is competent, material and substantial evidence to support them. Const 1963, art 6, § 28. See *Caddell v Ecorse Bd of Ed,* 17 Mich App 632, 635-636; 170 NW2d 277 (1969). We thus hold that in reviewing the disciplinary orders of a school ad-

ministration, the courts of this state are bound by that administration's factual findings so long as they are supported by competent, material and substantial evidence. Applying the rule here, we find that the record contains sufficient evidence to support the school board's finding that the cigarettes contained marijuana. Plaintiff described the substance of those cigarettes several times to the assistant principal, at least once in the presence of his father. No claim has been made by either plaintiff or his father that the substance was not marijuana. As in *Wood v Strickland,* we find the evidence sufficient to support the school board's finding.

III

Defendant also contends that the trial court erred in its construction and application of the term "sale" as set forth in the Grand Blanc *Student Rights and Responsibilities Handbook.* Plaintiff had been charged with the "sale of a marijuana cigarette", not with possession. The trial court found the evidence insufficient to support the board's order of expulsion on that charge because actual payment had not changed hands.

In *Wood v Strickland, supra,* the Supreme Court held that the courts must give great deference to a school administration's construction of its own rules and regulations. 420 US 324-325. Here, the Grand Blanc School Board construed its own rule prohibiting the sale of illegal drugs at school to include "the act of selling". We find support for the board's interpretation in the very language of the rule being construed. The *Handbook* defines as gross misdemeanor conduct:

"Sale, use of, possession of alcoholic beverages or

illegal drugs—the act of selling, using or being under the influence of alcohol or illegal drugs."

This conduct carries a maximum punishment of permanent expulsion. We find that the trial court erred in concluding that proof of tender of payment was required to support the charge against plaintiff.

## IV

Defendant next argues that the trial court erred in concluding that plaintiff had been deprived of his due process rights to notice and hearing prior to the board's recommendation of expulsion. Specifically, the court found that (1) the school authorities failed to comply with their own notice requirements, (2) the school board did not sit at plaintiff's hearing as an impartial trier of fact and (3) plaintiff was not provided the opportunity to confront the assistant principal at the hearing before the board.

In *Goss v Lopez*, 419 US 565; 95 S Ct 729; 42 L Ed 2d 725 (1975), the United States Supreme Court described the rudimentary due process rights of a student prior to his or her temporary suspension from school. The student must be provided oral or written notice of the charge, an explanation of the evidence relied upon by the school authorities in moving ahead with disciplinary action and, where the student offers a different version of the facts, an opportunity to be heard. 419 US 581. The court further noted that where permanent expulsion rather than a temporary suspension is involved a student's due process rights may require the enforcement of more stringent protections.

We find that plaintiffs were accorded their rudimentary due process rights as set forth in *Goss v*

*Lopez.* Both Mark Birdsey and his parents were provided on several occasions written and oral notice of the charge against Mark. The evidence relied upon by the school authorities to support the disciplinary action taken was the statement first made by plaintiff to the assistant principal and later repeated in the presence of plaintiff's father. Plaintiffs were also provided a hearing before the Grand Blanc School Board where they did not dispute the factual basis for the disciplinary action. We thus conclude that plaintiffs' rudimentary due process rights were not violated.

We further find that plaintiffs were afforded the procedural protections guaranteed under the Grand Blanc *Student Rights and Responsibilities Handbook* and that those protections were sufficient to satisfy the more stringent due process requirements associated with permanent expulsion. Following an informal hearing in the assistant principal's office, plaintiff's parents were verbally notified and plaintiff's father appeared at the office prior to plaintiff's separation from school. A written notice of suspension was mailed to plaintiff's parents that same day, informing them that the suspension was for an indefinite period pending the decision of the superintendent regarding further action. Plaintiffs were informed at an early stage that the principal and assistant principal were recommending permanent expulsion. Plaintiffs and their attorney were also provided a hearing before the Grand Blanc School Board on April 26, 1982, at which time they were heard on the question of discipline to be imposed. Due process does not require an opportunity to confront and cross-examine witnesses inasmuch as plaintiffs did not refute the underlying facts of the charge. See *Betts v Chicago Bd of Ed, supra; Boynton v Casey, supra.*

We find that plaintiffs were not deprived of their due process rights given the procedures followed in this case.

V .

Finally, defendant contends that it was error for the trial court to conclude in this case that permanent expulsion was too severe a punishment to impose on Mark Birdsey. We agree. MCL 380.1311; MSA 15.41311 provides that local school boards may authorize suspensions or expulsions from school where the student is guilty of gross misdemeanor. Gross misdemeanor is defined in the Grand Blanc *Student Rights and Responsibilities Handbook* to include the sale or act of selling illegal drugs. Given Mark Birdsey's clear admission that he was involved in the sale of marijuana on school property, we cannot conclude that the Grand Blanc School Board abused its discretion in ordering expulsion.

Reversed.